David S. KREWSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: June 16, 1988.
Decided: Oct. 11, 1988.
Rehearing Granted: Nov. 3, 1988.
Submitted *en banc*: Dec. 13, 1988.
Decided *en banc*: Dec. 27, 1988.

Richard M. Baumeister, and David S. Shamers, Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Timothy J. Donovan, Jr., and Loren C. Meyers, Deputy Attys. Gen., Dept. of Justice, Wilmington, for appellee.

Before MOORE, WALSH and HOLLAND, JJ.

WALSH, Justice:

The appellant, David S. Krewson, appeals his conviction as a second offender of driving under the influence of alcohol, 21 *Del.C.* § 4177(d)(2). Krewson claims that the mandatory prison term he received as a second offender under 21 *Del.C.* § 4177(d)(2) violates his right to due process under the State and federal constitutions. Krewson argues that the election to enter into the First Offender's Program should not have been treated as a conviction when he was later sentenced as a second offender. Krewson asserts two claims. First, that at the time of his election to enter the First Offender's Program, he was not represented by counsel nor did he waive such right. Second, that he never made a knowing and voluntary plea of guilty.

The Superior Court denied both claims asserted by appellant. We agree that Krewson's right to counsel was not violated but reverse the Court's determination that Krewson entered a knowing and voluntary guilty plea. We therefore conclude that the sentence imposed under 21 *Del.C.* § 4177(d)(2) must be vacated and the case remanded to the Superior Court for resentencing.

I

The following facts are essentially undisputed. On June 25, 1982, Krewson appeared in the Court of Common Pleas on a charge of driving under the influence of alcohol in violation of 21 *Del.C.* § 4177 and entered the First Offender's Program. On November 17, 1984, Krewson was again arrested on a charge of driving under the influence of alcohol and on January 29, 1986, entered a plea of guilty in the Superior Court. Over his objection, the Superior Court sentenced Krewson as a second offender, and required him to pay a $2,000.00 fine and to serve a term of eighteen months imprisonment suspended for probation after sixty days imprisonment.

II

We first consider Krewson's claim that his election to enter the First Offender's Program was without the benefit of counsel.

We have previously held that participation in the administrative provisions of the First Offender's Program for driving under the influence is a valid consideration in the enhancement of a sentence as a second offender. *Tarr v. State*, Del.Supr., 486 A.2d 672, 676 (1984).

Under Delaware law, one who is convicted as a second offender of driving under the influence of alcohol within five years of the first conviction is subject to a mandatory sentence of imprisonment. 21 *Del.C.* § 4177(d)(2). The United States Supreme Court has held that uncounseled convictions may not be used to enhance a sentence for a subsequent conviction. *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Thus the issue turns on whether Krewson was afforded the opportunity to obtain counsel and, if so, whether he waived such right before he entered the First Offender's Program.

The record reflects that when Krewson appeared before the Justice of the Peace he was advised of his right to counsel. Krewson subsequently chose to have his case removed to the Court of Common Pleas. Additionally, Krewson testified that he had on a previous occasion employed counsel to represent him on other traffic charges, thus demonstrating knowledge of his entitlement to counsel.

We hold that Krewson's knowledge of his right to counsel at the inception of

criminal prosecution extended to the proceeding in the Court of Common Pleas where the election was made to enter the First Offender's Program. We agree with the Superior Court that Krewson was advised of his right to counsel, that he was aware of such right, and that as a consequence, his decision not to retain counsel before entry into the First Offender's Program implicitly constituted a knowing and intelligent waiver of the right to counsel. *Potter v. State,* Del.Supr., 547 A.2d 595 (1988); *See also Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972).

### III

▮▮▮▮ The second issue on appeal is whether Krewson entered the First Offender's Program with the knowledge that he would be subject to enhanced punishment if he were again to be convicted under 21 *Del.C.* § 4177 within five years. Entry into the First Offender's Program with its probation characteristics, even though processed administratively, is treated as a conviction for purposes of subsequent sentencing. *See Tarr v. State,* 486 A.2d at 675. Therefore the procedural requirements attendant upon a plea of guilty which could result in imprisonment must be followed when a defendant enters the First Offender's Program. A defendant must affirmatively waive the Fifth Amendment privilege against self-incrimination, the right to a trial by jury, the right to confront one's accusers, and the right to counsel. *Boykin v. Alabama,* 395 U.S. 238, 242, 243, 89 S.Ct. 1709, 1711, 1712, 23 L.Ed.2d 274 (1969). Further, a guilty plea must be voluntarily and intelligently made. *Id.* at 244, 89 S.Ct. at 1713.

There is no evidence in the record that Krewson was advised that entry into the First Offender's Program would subject him to enhanced punishment resulting in incarceration should he be convicted a second time within five years. In fact the record indicates that he was not even arraigned in the Court of Common Pleas. Krewson also testified that at that time he had no knowledge of such enhanced punishment.

▮▮▮ The Superior Court held that enhanced punishment for a second offense was only a collateral consequence of entry into the First Offender's Program and therefore the Court of Common Pleas was not obligated to advise Krewson of such a consequence as a predicate to his valid election to enter the program. In our view, mandatory incarceration for a second offense is a direct, not a collateral, consequence of a plea of guilty. Therefore, in addition to any present punishment he faces, a defendant must also be advised of the range of possible penalties he will receive if convicted of a second offense. The maximum possible sentence provided by law is the most important consequence of the plea. *Wells v. State,* Del.Supr., 396 A.2d 161, 162 (1978). "Accordingly, it must be spelled out clearly and accurately upon the record by the Trial Judge in order to insure that the waiver of important constitutional rights, which occurs when the defendant enters a guilty plea, is made 'knowingly and intelligently.'" *Id.* at 162.

In addition to requiring that a defendant be advised of the maximum possible sentence, this Court in *Shoemaker v. State,* Del.Supr., 375 A.2d 431 (1977), has set out specific guidelines to be followed when an accused in a Justice of the Peace Court waives his right to trial. Included in these guidelines are, informing the defendant of the nature of the offense charged and the maximum penalty provided by law for conviction of such offense, including, particularly, any provision for incarceration. "Such statement of rights and advice shall be given orally by the Magistrate and shall be submitted to defendant in writing for signature." *Id.* at 442. The Justice of the Peace must certify that he has fully explained to defendant his rights, that he is satisfied that the defendant understood the explanation and knowingly and intelligently signed the statement. *Id.* at 442. *See also State v. Casto,* Del.Supr., 375 A.2d 444 (1977).

Both the Court of Common Pleas and the Justice of the Peace Court have adopted a form for First Offender's Program elec-

tion. The forms are similar in content and serve the purpose of advising the defendant of the fact that he is waiving his right to trial and that entry into the First Offender's Program will be considered a first offense for purposes of sentencing for a subsequent offense within five years.

There is no evidence in the record that Krewson had been informed of the maximum penalty, mandatory incarceration, for a second conviction within five years of his entry into the First Offender's Program or that the procedure for the entry of a plea set out by this Court in *Shoemaker* was followed. Krewson denies he was advised of his rights or that he signed the "First Offender's Election Form" and there is no direct evidence to the contrary. Therefore, we find that Krewson did not make a knowing and intelligent election to enter into the First Offender's Program. In the absence of such a showing, enhancement of a sentence for a subsequent conviction is not permitted.

The sentence imposed under 21 *Del.C.* § 4177(d)(2) is vacated and the case remanded to the Superior Court for resentencing.

Before CHRISTIE, C.J., and HORSEY, MOORE, WALSH and HOLLAND, JJ., (constituting the Court *en banc*).

## ON REHEARING EN BANC

WALSH, Justice:

■ Following issuance of the principal opinion in this case, the Court granted the State's motion for rehearing *en banc*. Our decision to grant rehearing was prompted by the State's concern that our conclusion that Krewson had not made a knowing and intelligent election to enter the First Offender's Program is premised on a holding that a defendant who pleads guilty to an initial offense, or who enters the First Offender's Program, is entitled to be informed of any enhanced penalty which results from a subsequent offense. We believe the State reads too much into our decision but to the extent such an inference is arguable a clarification is desirable.

Our holding that Krewson did not make a knowing election to enter the First Offender's Program is based on the uncontradicted evidence that he had never appeared before a judicial officer or participated in any formal judicial proceeding. Instead, he was processed and referred to a driving course without an awareness that he had been subjected to a judicial proceeding. It is our understanding that such a procedure is no longer used and that since 1983 each court has required the election to First Offender's Program to take place only at arraignment, as 21 *Del.C.* § 4177B(a) provides. A defendant is also now required to execute a written form which, *inter alia,* advises him that certain penal sanctions will result upon his failure to successfully complete the First Offender's Program or if he is convicted of driving under the influence within five years. The form in question conveys the clear impression that the diversion program has the equivalence of a "conviction" for purposes of future jeopardy.

Although diversion to a First Offender's Program is not a conviction for immediate sentencing purpose it has that effect for second offender status. While Krewson was charged with constructive knowledge of that result, in the sense that he could not be in ignorance of the statute, the circumstances of his diversion did not provide him with the knowledge essential to make that election. In the absence of an arraignment, and the participation of a judicial officer, Krewson was not chargeable with notice that he was being administratively diverted into a program which subjected him to a "conviction" equivalent. A defendant is not charged with knowledge of a penal statute if he is misled concerning whether the statute is not being applied.

Where a defendant has been formally charged and arraigned and is under no illusion that he has entirely avoided the judicial process with none of its statutorily imposed sanctions, there is clearly no requirement that he be informed of every contingency, including subsequent offenses, which might result in penalty enhancement. Nothing in our principal opin-

ion, which was directed to an aberrational occurrence under a discarded procedure, suggests the contrary.