**In the Matter of the Petition of the STATE of Delaware for a Writ of Mandamus.**

Supreme Court of Delaware.

Submitted: Aug. 13, 1992.
Decided: Oct. 6, 1992.

James V. Apostolico, Deputy Atty. Gen., Dept. of Justice, Wilmington, for petitioner Atty. Gen.

Before VEASEY, C.J., HORSEY and MOORE, JJ.

HORSEY, Justice:

The State seeks to invoke the original jurisdiction of this Court to issue a·writ of mandamus directed to Myron T. Steele, Resident Judge of the Superior Court of the State of Delaware, to review the judgment of the Superior Court, dated July 10, 1992, in *State v. Ronnie L. Fitzgerald*, Del.Super., Cr.A. No. K92–02–0302A. By its order, Superior Court sentenced defendant Fitzgerald as a first offender for driving under the influence. The court ruled that defendant's previous election to the first offender's program could not be used

to enhance his sentence for failure of the magistrate to properly inform Fitzgerald of the consequences of a subsequent conviction of the. same offense. The State asserts that mandamus lies because the Superior Court has failed to comply with its "duty" to sentence Fitzgerald in accordance with the statutory provisions of 21 *Del.C.* § 4177(d)(2), and that the State has no other means of review due to the limitations of 10 *Del.C.* § 9902.[1] The State misunderstands the requirements for this extraordinary writ to issue.

Mandamus is issuable not as a matter of right, but only in the exercise of sound judicial discretion. *Ingersoll v. Rollins Broadcasting of Del., Inc.*, Del.Supr., 272 A.2d 336 (1970). Moreover, mandamus is issuable only to "confine a trial court 'to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *In re State*, Del.Supr., 597 A.2d 1, 2 (1991) (hereafter *"In re State (1991)"*) (quoting *In re Bordley*, Del.Supr., 545 A.2d 619, 620 (1988)). This Court may issue a writ of mandamus "when the petitioner can show that he has a clear right to the performance of a duty by a trial court, that no other adequate remedy is available, and that the trial court has arbitrarily failed or refused to perform its duty." *Bordley*, 545 A.2d at 620.

The State contends that Superior Court, by failing to impose on Fitzgerald the "mandatory" sentencing provisions of 21 *Del.C.* § 4177(d)(2) for his second driving under the influence offense, has "failed or refused to perform its duty." *Bordley*, 545 A.2d at 620. The nature of its asserted breach of duty is Superior Court's alleged misinterpretation of this Court's holding in *Krewson v. State*, Del.Supr., 552 A.2d 840 (1988), as applied to the facts of this case. The State argues that Superior Court has expanded the *Krewson* holding "for [sic] beyond what this Court intended."

---

1. Under 10 *Del.C.* § 9902, the State can appeal when the Superior Court enters a final order that dismisses a charge, vacates a verdict or judgment based on the invalidity or construction of the statute upon which the charge is found, or vacates a verdict or judgment because the court had no jurisdiction over the defendant or the subject matter. *See State v. Bailey*, Del. Supr., 523 A.2d 535 (1987). The instant order neither dismisses the charge nor vacates a verdict or judgment. *See Government of the Virgin Islands v. Douglas*, 3d Cir., 812 F.2d 822, 829–32 (1987) (concluding federal government could not appeal sentencing orders).

The State, in turn, misreads *In re State (1991)* by taking "duty" out of context. Were we to characterize any error of law or abuse of discretion by a lower court as an arbitrary failure or refusal to act, and hence a "breach of duty," then the limitations on the mandamus jurisdiction of this Court would be meaningless. *Compare In re State*, Del.Supr., 603 A.2d 814 (1992) (hereafter *"In re State (1992)"*) ("significance and originality of the issue militates in favor of the exercise of jurisdiction"); *In re State (1991)* (jurisdiction based on "unique role" of this Court to construe the capital punishment statute). *In re State (1991)* involved the construction by this Court of the Delaware Capital Punishment Statute, 11 *Del.C.* § 4209, in the context of a trial in progress, following the completion of the guilt phase but before the penalty phase. The question presented was an important legal question of first impression—whether "victim impact" evidence was admissible at the penalty hearing under the Delaware statute. We found mandamus relief to be appropriate under the unique circumstances of the case; and we directed the Superior Court to consider such evidence as being required by the statute. However, *In re State (1991)* may not be read as supporting the issuance of a writ of mandamus to review a trial court's construction of any statute on the fallacious reasoning that an allegedly erroneous construction constitutes a breach of a trial court's "duty" to correctly apply the law. This Court lacks jurisdiction to issue an extraordinary writ where subject matter review by the State is barred under 10 *Del.C.* § 9902 and the question for review does not fall within this Court's limited mandamus jurisdiction. *Bordley*, 545 A.2d at 620.

It being manifest on the face of the State's petition that the petition fails to invoke the jurisdiction of this Court, the Court, acting *sua sponte*, pursuant to Supreme Court Rule 29(c), concludes that the petition must be dismissed and that the giving of notice would serve no meaningful purpose, and that any response would be of no avail.

\*       \*       \*

The within petition is hereby dismissed, and this Court's mandate shall issue forthwith.