STATE of Delaware, Plaintiff
Below, Appellant,

v.

Robert CARR, Defendant
Below, Appellee.

No. 192, 1993.

Supreme Court of Delaware.

Submitted: May 11, 1994.
Decided: May 19, 1994.
Rehearing Denied June 15, 1994.

Gary A. Myers, Deputy Atty. Gen., Dept. of Justice, Georgetown, for appellant.

Bernard J. O'Donnell, Asst. Public Defender, Office of the Public Defender, Wilmington, for appellee.

Before MOORE, WALSH and HOLLAND, JJ.

PER CURIAM:

In this discretionary appeal by the State of Delaware ("State"), we again address a question presumably settled by our decision in *Krewson v. State*, Del.Supr., 552 A.2d 840 (1988): what constitutes a prior conviction for purposes of establishing the mandatory penalties for a subsequent offense of driving under the influence under 21 *Del.C.* § 4177(d)(2)?

The Superior Court ruled that an earlier conviction entered on a guilty plea followed by first offender treatment could not be deemed a second offense "trigger" in the absence of a showing that the defendant had been warned of the effect of his diversion on any subsequent offense. The Public Defender, who was appointed to defend this discretionary appeal under 10 *Del.C.* § 9903, agrees that *Krewson* does not support the ruling of the Superior Court.[1]

We hold, in reaffirmation of our holding in *Krewson*, that a first offense of driving under the influence which results in a first offense diversion, if accomplished as part of a judicial proceeding, will subject the offender

1. The State's discretionary appeal does not place the defendant in jeopardy since he cannot be reprosecuted based on the outcome of the State's appeal. 10 *Del.C.* § 9903.

to second offense sanctions, whether or not the offender was expressly warned of that result.

The State also requests that we rule that, regardless of the origin of the enrollment process, "previous enrollment in a course of instruction or program of rehabilitation" as permitted by 21 *Del.C.* § 4177(e) of the Delaware Motor Vehicle Code may also constitute "a first or similar offense," under 21 *Del.C.* § 4177(d)(2), for purposes of second offender penalties. This issue was not raised in the Superior Court and is not reviewable in this Court unless "the interests of justice so require." Supr.Ct.R. 8.

■ Given the many factual variables in which the "previous enrollment" trigger may arise, we decline to provide an advisory ruling on that issue. The interests of justice do not require that this Court render academic opinions on matters for which no adequate record exists at the trial level. *Stroud v. Milliken Enterprises, Inc.,* Del.Supr., 552 A.2d 476, 481 (1989).

In sum, we conclude that a conviction for driving under the influence, which occurs as part of a judicial proceeding, is not rendered invalid because the defendant was not given a judicial warning of the subsequent penalties which are triggered by the first conviction. We further rule that a defendant electing to participate in a first offender program, incident to a judicial proceeding, need not be warned of the triggering effect of the first offense on any subsequent conviction for driving under the influence.

The decision of the Superior Court is REVERSED. However, no further proceedings are required. 10 *Del.C.* § 9903.