Hugh A. KIPP, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 211, 1997.

Supreme Court of Delaware.

Submitted: Jan. 6, 1998.
Decided: Jan. 13, 1998.

Anthony A. Figliola, Jr., Figliola & Facciolo, Wilmington, for appellant.

Sam Glasscock, III, Department of Justice, Georgetown, for appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal following a bench trial in the Superior Court. The defendant-appellant, Hugh A. Kipp, Jr. ("Kipp"), was convicted of three counts of Possession of a Deadly Weapon by a Person Prohibited. The State has confessed error on appeal and submits that Kipp's judgments of conviction should be reversed.

### Facts

On the morning of September 17, 1995, several police officers went to Kipp's home in Wilmington. They were investigating a "man with a gun" complaint from Kipp's girlfriend, Lisa Zeszut ("Zeszut"). At first, Kipp refused to come out of his house, but

eventually surrendered to the police. Kipp was taken to Wilmington Hospital for a psychological evaluation.

The police searched the house for other weapons. The police found a handgun and two unloaded shotguns. The police discovered ammunition for those weapons scattered on the bedroom floor. The police also found two hunting bows, with arrows. Upon checking Kipp's criminal record, police ascertained that he was a person prohibited from possessing deadly weapons.

Kipp was originally charged with five counts of Possession of a Deadly Weapon by a Person Prohibited. Based on a complaint by Zeszut, Kipp was also charged with Aggravated Menacing, Possession of a Deadly Weapon During Commission of a Felony, Terroristic Threatening and Offensive Touching. Zeszut, however, did not cooperate with the prosecution. Those charges were dismissed prior to trial.

The only defense offered by Kipp at trial was that he was unaware of his status as a "person prohibited." Kipp was a "person prohibited" as a result of his guilty plea to Assault in the Third Degree in 1990. Kipp testified he was told that he would not be prohibited from possessing weapons as a result of the plea.

The 1990 guilty plea form, which was submitted into evidence, has a space which provides that a guilty plea will result in loss of the right to possess deadly weapons. That portion of the form was marked "N/A." Kipp testified that "N/A" meant the provision did not apply to him. The completed guilty plea form was provided to the judge during the 1990 plea colloquy. Neither the prosecutor nor the judge, however, brought the error on the guilty plea form to Kipp's attention.

After hearing all of the evidence, the Superior Court concluded that the two hunting bows were not deadly weapons. Therefore, it dismissed the two counts of Possession of a Deadly Weapon by a Person Prohibited involving the bows. The Superior Court found Kipp guilty of three counts of Possession of a Deadly Weapon by a Person Prohibited in connection with his possession of the three firearms.

### Person Prohibited Statute Includes Violent Misdemeanors

Under 11 *Del.C.* § 1448(b), "[a]ny prohibited person ... who knowingly possesses, purchases, owns or controls a deadly weapon while so prohibited shall be guilty of possession of a deadly weapon by a person prohibited." A person is a "prohibited person" for purposes of § 1448(b) when, *inter alia,* he or she has "been convicted in this State or elsewhere of a felony *or* a crime of violence involving physical injury to another...." 11 *Del.C.* § 1448(a)(1) (emphasis added). Assault in the Third Degree is a misdemeanor crime of violence involving physical injury to another. 11 *Del.C.* § 611. A person who has been convicted of a violent misdemeanor is prohibited from possessing a deadly weapon for the five-year period from the date of conviction. 11 *Del.C.* § 1448(d).

### Kipp's Contention Guilty Plea Invalid

Kipp does not contest the fact that he pled guilty on October 23, 1990 to Assault in the Third Degree, a violent misdemeanor. Nor does he contest the fact that he had three firearms in his possession on September 17, 1995. Kipp does not contest the fact that, within five years of pleading guilty to a violent offense, he possessed three deadly weapons. His sole contention on appeal is that his 1990 guilty plea was not made knowingly. Therefore, Kipp submits that his 1990 conviction for Assault in the Third Degree is invalid. Accordingly, he argues that his conviction for Possession of a Deadly Weapon by a Person Prohibited should be set aside.

### Deadly Weapon Prohibition Constitutes Collateral Consequence

■ The judge's failure to inform Kipp in 1990 that he would, upon conviction, be prohibited from possessing deadly weapons did not render the 1990 guilty plea involuntary. A defendant's loss of the future right to

possess deadly weapons upon entry of certain guilty pleas is merely a collateral consequence of such a plea.[1] "Without a doubt, the defendant must understand the consequences of pleading guilty, but this does not include informing him of collateral civil or criminal consequences of the plea." *Villa v. State*, Del.Supr., 456 A.2d 1229, 1232 (1983); *State v. Carr*, Del.Supr., 641 A.2d 833 (1994). *Cf. Krewson v. State*, Del.Supr., 552 A.2d 840, 842 (1988). Therefore, Kipp's 1990 conviction for Assault in the Third Degree is valid.

### Mistake of Law
### State Confesses Error

■■■ Nevertheless, the State has confessed error in Kipp's case on appeal. Under the facts presented, the State concedes that Kipp presented a valid mistake of law defense. This Court has held that, in very narrow circumstances, mistake of law can be a defense to a criminal charge. *Long v. State*, Del.Supr., 65 A.2d 489, 497–98 (1949). That defense is cognizable when the defendant: (1) erroneously concludes in good faith that his particular conduct is not subject to the operation of the criminal law; (2) makes a "bona fide, diligent effort, adopting a course and resorting to sources and means at least as appropriate as any afforded or under our legal system, to ascertain and abide by the law;" (3) "act[s] in good faith reliance upon the results of such effort;" and (4) the conduct constituting the offense is "neither immoral nor anti-social." *Id.*

Kipp presented evidence that he was misled in connection with his plea to Assault in the Third Degree. His 1990 guilty plea form, which was introduced at trial, and his testimony indicated he was told that the prohibition against possession of a deadly weapon which would result from a guilty plea was "not applicable" to the plea which he was entering. Kipp testified that he was told that prohibition was not applicable to him because he was pleading to a misdemeanor.

Kipp's plea agreement and truth-in-sentencing guilty plea form were submitted to the judge in 1990 at the plea colloquy before his guilty plea to Assault in the Third Degree was accepted. Apparently, the prosecutor and the judge who accepted his guilty plea failed to notice the "not applicable" notation on the guilty plea form. The judge referred to the plea agreement in the plea colloquy, but never informed Kipp that the "not applicable" notation was incorrect with respect to the prohibition against future possession of a deadly weapon which would result from the plea.

Under 11 *Del.C.* § 1448, a person is guilty of possession of a deadly weapon by a person prohibited when he is: (a) a person prohibited; and (b) knowingly possesses a deadly weapon. Thus, to be guilty of the offense, the defendant need only know that he or she possessed the weapon. Section 1448 does not require the defendant to know that it was criminal to do so. *See United States v. Smith*, 1st Cir., 940 F.2d 710, 713 (1991) (federal firearms law).

■■■ Ignorance of the law is not a defense to crime. *State v. LeCompte*, Del. Supr., 538 A.2d 1102, 1103 (1988); *State v. Deedon*, Del.Supr., 189 A.2d 660, 661 (1963). But "[a] defendant is not charged with knowledge of a penal statute if he is misled concerning whether the statute is not being applied." *Krewson v. State*, 552 A.2d 840, 843 (1988). A mistake of law defense is appropriately recognized where the defendant demonstrates that he has been misled by information received from the State. *See Miller v. Commonwealth*, Va.App., 25 Va. App. 727, 492 S.E.2d 482, 486–88 (1997); *United States v. Tallmadge*, 9th Cir., 829 F.2d 767, 773–75 (1987).

Under the unique circumstances of this case, the State concedes on appeal that Kipp presented a proper and complete mistake of law defense. *See Krewson v. State*, 552 A.2d at 842; *Long v. State*, 65 A.2d at 497–98. In relying on the advice of counsel, memorial-

---

1. "That a convicted felon may not own or possess a firearm is ... [among] the list of collateral consequences which follow from a guilty plea, of which the trial court need not advise the accused." *Polk v. State*, Fla.App., 405 So.2d 758, 762 (1981). *Accord Commonwealth v. Indelicato*, 40 Mass.App.Ct. 944, 667 N.E.2d 300, 301 (1996). *See Polanco v. United States*, S.D.N.Y., 803 F.Supp. 928, 931 (1992) (citing *United States v. Del Rosario*, D.C.Cir., 902 F.2d 55 (1990)).

ized in an official guilty plea document presented to and not corrected by either the prosecutor or the judge, Kipp had "made a bona fide, diligent effort, adopting a course and resorting to sources and means at least as appropriate as any afforded under our legal system, to ascertain and abide by the law...." *Long v. State*, 65 A.2d at 497. The State submits that Kipp's three convictions for possession of a deadly weapon by a person prohibited should be reversed. *See generally Walls v. State*, Del.Supr., 560 A.2d 1038, 1051–52 (1989) (confession of error by prosecution).

### Conclusion

The mistake of law defense is based upon principles of fundamental fairness. *See Long v. State*, 65 A.2d 489, 497–99 (1949). A review of the record and the applicable law supports the State's confession of error. The State's confession of error "is in accordance with the highest tradition of the Delaware Bar and the prosecutor's unique role and duty to seek justice within an adversary system." *Walls v. State*, 560 A.2d 1038, 1052 (1989) (quoting *Weddington v. State*, Del. Supr., 545 A.2d 607, 616 (1988)). *See also* DLRPC § 3.8 (special responsibilities of a prosecutor).

The judgments of conviction are reversed. This matter is remanded to the Superior Court for further proceedings in accordance with this opinion.