Victor L. **BRYSON**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

No. 100, 2002.

Supreme Court of Delaware.

Submitted: March 18, 2003.
Decided: April 30, 2003.

---

Bernard J. O'Donnell, Office of the Public Defender, Wilmington, DE, for Appellant.

William M. Kelleher, Department of Justice, Wilmington, DE, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices, constituting the Court en Banc.

PER CURIAM:

By order dated January 16, 2003, a panel of this Court affirmed the sentence of the defendant, Victor Bryson, in Superior Court based on a jury verdict convicting the defendant of possession of ammunition by a person prohibited in violation of 11 *Del. C.* § 1448. The defendant was also

convicted and sentenced for discharging a gun in violation of 16 *Del. C.* § 6909.

One of the points raised by defendant on the appeal relates to the application of affirmative defenses in criminal cases. In the January 16, 2003 order we held that the trial judge correctly described the defendant's claim of mistake of law as an affirmative defense, and we affirmed the judgment of the trial court which had so instructed the jury. The defendant moved for reargument and rehearing en Banc, contending that both the trial court and this Court incorrectly determined that the defendant's claim of mistake of law was an affirmative defense which the defendant had the burden to prove by a preponderance of the evidence. We ordered rehearing en Banc to address this legal issue. We conclude that our January 16, 2003 order was correctly decided and we again affirm the sentence of the Superior Court.

### Facts

As a juvenile, Bryson entered a guilty plea in Family Court to a felony on two separate occasions. As a result, he was prohibited from owning firearms or ammunition until reaching the age of twenty-five. On January 1, 2001, several years before attaining the age of twenty-five, Bryson allegedly discharged a firearm within the town limits of New Castle, Delaware. The police responded and found spent shotgun shells. Bryson complained to the police that because it was New Year's Eve, "everybody is shooting, why are you picking on us." Immediately after Bryson made that statement, the police had to leave the scene abruptly in order to respond to an unrelated emergency. On January 5, 2001, the police executed a search warrant at the Bryson residence and found various weapons, including a shotgun. The police arrested Bryson outside and during a post-arrest search, found thirty-six unspent shells in his clothing and a hunting license in his name.

At trial, the prosecution contended that the defendant, now an adult, was prohibited from legally possessing weapons or ammunition because he had previously been adjudicated a delinquent in 1996 in the Family Court. When the defendant was fourteen years old, he entered a plea to a felony delinquency in Family Court. In 1996, when he was sixteen he entered a plea to another felony level delinquency. At neither proceeding was he advised that, as a consequence of the plea, he would be prohibited from possessing firearms or ammunition as an adult. In fact, at the first delinquency proceeding, Bryson claims that he and his parents were affirmatively but mistakenly advised by his trial counsel that the plea would only affect his ability to possess firearms or ammunition until he was an adult. Hence, he asserts mistake of law as a defense.

### Motion for Judgment of Acquittal

After completion of the presentation of the State's case, the defendant's counsel moved for judgment of acquittal as to the charge of possession of ammunition by a person prohibited. This claim was based on the ground that the State had presented evidence only that the alleged shotgun ammunition looked like shotgun ammunition by outward appearance, and that the State had not offered any evidence that any of the alleged ammunition were live rounds that would fire a shot or a projectile such as, for example, by test-firing a round. The State responded that the shotgun shells did not appear to be spent, although admitting that none had been test-fired, and that the jury could decide on its own whether the shells were functional ammunition.

The Superior Court ruled that the State had made out a prima facie case because

the shells introduced into evidence looked like shotgun ammunition and because the defense could argue to the jury that the State had not met its burden to prove that it was ammunition.

The definition of "ammunition" within the relevant statute is "one or more rounds of fixed ammunition designed for use in and capable of being fired from a pistol, revolver, shotgun or rifle but shall not mean inert rounds, or expended shells, hulls or casings." [1] Bryson argues that the shells the police found only looked like shotgun ammunition, and the State did not offer any evidence that any of the ammunition were live rounds, for example, by test-firing a round. Bryson assigns error to the trial judge for not granting his motion to acquit.

■ The trial judge denied the motion, ruling that the State had made out a prima facie case because the shells introduced into evidence looked like shotgun ammunition, and therefore, the case should go to the jury. Bryson could have argued to the jury that the State did not meet its burden to prove that the shells were "ammunition" as defined under the statute. We believe that a rational trier of fact could have found that guilt was established through the outward appearance of the shells, and Bryson's statement that "everybody is shooting, why are you picking on us." A rational jury, viewing the evidence in the light most favorable to the State, could have found that the shells Bryson possessed were "ammunition" as defined by the statute without the State test-firing the shells.

■ With respect to Bryson's motion for judgment of acquittal, we conclude that the trial judge correctly denied the motion. The standard of review in assessing an insufficiency of evidence claim is whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt. In making this determination, the court does not distinguish between direct and circumstantial evidence. [2] Accordingly, the trial judge properly denied Bryson's motion.

### Defendant's Claim of Mistake of Law

■ With respect to Bryson's mistake of law defense, we conclude that the trial judge properly described the mistake of law defense as an affirmative defense to the jury. We stated in *Kipp v. State*, that "[a] mistake of law defense is appropriately recognized when the *defendant demonstrates* that he has been misled by information received from the state."[3] The language, "defendant demonstrates," suggests that, at common law, the mistake of law defense is the defendant's to prove, and therefore, an affirmative defense. In making the statement, we cited *Miller v. Commonwealth.*[4] *Miller* noted that the defendant bears the burden of establishing the affirmative defense of mistake of law.[5] Accordingly, the mistake of law defense is an affirmative defense in Delaware, and therefore, the trial judge properly described it as such.

The defendant's argument rests on a misapplication of 11 *Del. C.* § 441, which defines the defense of mistake of fact, and upon 11 *Del. C.* § 304, which relates to the

---

1. 11 *Del. C.* § 1448(c).

2. *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995).

3. *Kipp v. State*, 704 A.2d 839, 842 (Del.1988) (emphasis added).

4. *Miller v. Commonwealth*, 25 Va.App. 727, 492 S.E.2d 482 (1997).

5. *Id.* at 488.

allocation of the burden of proof of statutory affirmative defenses. The defense raised at trial, however, was mistake of law, which is not covered by Section 441 or any other statute. The defense of mistake of law is not defined in the Delaware Criminal Code. Rather, it is a creature of Delaware common law.

An early case defining the mistake of law defense is the 1949 case of *Long v. State*,[6] a bigamy prosecution in which the trial court excluded evidence that the defendant, at the time of his second marriage, reasonably believed that his prior, out-of-state divorce was valid. In ordering a new trial at which the defendant would be allowed to raise his mistake of law defense, this Court cautioned that the defendant would be required to make "an affirmative showing of effort to abide by the law, tested by objective standards rather that the defendant's subjective state of mind,"[7] and that "[t]he defendant would have the burden of demonstrating that his efforts were well nigh exemplary."[8] In light of the heavy burden *Long* places on a defendant to prove a mistake of law defense,[9] the defendant's present contention that the defense is a simple defense rather than an affirmative defense cannot be maintained.

Chapter 4 of the Delaware Criminal Code lists numerous defenses and affirmative defenses to criminal liability. Nowhere in Chapter 4 is it mentioned, however, that these defenses or affirmative defenses are exhaustive of all defenses or affirmative defenses that a defendant may assert. In fact, Bryson used the defense of mistake of law which is not codified anywhere in the Code. This Court, however, has recognized the defense of mistake of law.[10]

Within Chapter 4 some defenses are characterized merely as a "defense" while others are characterized as an "affirmative defense." A simple defense raises reasonable doubt,[11] whereas an affirmative defense must be established by the defendant by a preponderance of the evidence.[12] Bryson argues that because mistake of fact is characterized in 11 *Del. C.* § 441 as merely a "defense," the defense of mistake of law is also a simple defense and not an affirmative one.

■ Bryson's reliance on Section 441 is a *non sequitur.* Mistake of fact and mistake of law are two different defenses. It cannot, therefore, be said that because mistake of fact is deemed a "defense," that mistake of law is as well. Thus Section 441 has no bearing on whether mistake of law is an affirmative defense.

Bryson also contends mistake of law is not an affirmative defense because 11 *Del. C.* § 304(a) distinguishes defenses and affirmative defenses. Title 11, Section 304(a) of the Delaware Code states, "When a defense declared by this Criminal Code

---

6. *Long v. State*, 65 A.2d 489 (Del.1949).

7. *Id.* at 498.

8. *Id.* at 499.

9. In *Baez v. State*, Del.Supr., No. 77, 1986, 513 A.2d 1318, Christie, C.J. (1986) (Order), this Court, citing *Long*, ruled that the trial judge did not err in refusing to deliver a mistake of law instruction to the jury where the defendant failed to meet his burden of proving the defense.

10. *See, e.g., Kipp*, 704 A.2d at 842 (holding, "A mistake of law defense is appropriately recognized where the defendant demonstrates that he has been misled by information received from the State.").

11. 11 *Del. C.* § 303(c).

12. 11 *Del. C.* § 304(a).

or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence."[13] Bryson's reliance on this section is also in error. Section 304(a) does not provide that it is exhaustive of all affirmative defenses. The statute does not state that only those defenses listed as affirmative defenses are to be considered affirmative defenses. It merely states that where an affirmative defense is declared so by statute the defendant has the burden of establishing the affirmative defense, although the State must nevertheless prove the defendant's guilt beyond a reasonable doubt. The statute does not purport to set forth the universe of defenses that are to be considered affirmative defenses. Rather its purpose is to dictate the burden of proof for statutory affirmative defenses.

█ In understanding the scope of Section 304 it is important to compare it to 11 *Del. C.* § 202. Section 202 provides that, "No conduct constitutes a criminal offense unless it is made a criminal offense by this Criminal Code or by another law."[14] Thus the statute clearly indicates that only those offenses listed in the statutory law are criminal offenses. Chapter 4, relating to statutory defenses and affirmative defenses, on the other hand, does not have such "all inclusive" language. Therefore, Chapter 4 does not exclude affirmative defenses developed at common law, such as the defense of mistake of law. Rather Chapter 4 relates only to statutory affirmative defenses and Section 304 implicitly refers only to those statutory affirmative defenses.

The 1973 Commentary to the Delaware Criminal Code sheds further light on the use of mistake of law as an affirmative defense. It states:

As originally proposed [in the 1967 recommended revision], this Criminal Code contained a section granting, in certain limited instances, an affirmative defense based on ignorance or mistake of law. The defense was confined to cases in which the statute defining the offense had not been published or otherwise reasonably made available prior to the conduct charged and cases in which the defendant relied on an official interpretation of the law, afterward determined to be invalid or erroneous. Prior Delaware case law appears to have recognized the defense of mistake of law where the mistake negatives the specific intent required for commission of a crime, where it negatives "general criminal intent," and where the defendant has made "a diligent effort, in good faith, by means as appropriate as any available under our legal system, to acquire knowledge of the relevant law." Absent such circumstances, the prevailing view is that ignorance or mistake of law is not a defense because of the public policy requiring all men to inform themselves reliably about the law. Since the proposed provision on ignorance or mistake of law was not enacted as part of the Criminal Code, the *Long* case, which provides a more liberal definition of the defense than the proposed provision, will continue to be the law of Delaware. This is so because, while the Code expressly declares that no conduct constitutes an offense unless defined by statute, there is no similar limitation on the availability of defenses.[15]

---

13.  11 *Del. C.* § 304(a).

14.  11 *Del. C.* § 202.

**15.**  *Del.Crim.Code with Commentary,* Section 441 (1973) (emphasis added) (footnotes omitted). Compare the 1973 Code with the 1967 recommendation of the Governor's Commit-

In *Long v. State* this Court found that mistake of law was an available defense in a bigamy case. The Court ruled that mistake of law exists where a defendant is:

> [A]ware of the existence of criminal law relating to the subject of such conduct, or to some of its aspects [but] erroneously concludes (in good faith) that his particular conduct is for some reason not subject to the operation of any criminal law. [It must also appear] that before engaging in the conduct, the defendant made a bona fide, diligent effort, adopting a course and resorting to sources and means at least as appropriate as any afforded under our legal system, to ascertain and abide by the law, and where he acted in good faith reliance upon the results of such effort.[16]

The Court then went on to rule that, "The defendant would have the burden of demonstrating that his efforts were well nigh exemplary."[17] Thus, *Long* indicates that mistake of law is an affirmative defense at common law and the defendant has the burden of proof.

### Conclusion

Mistake of law was recognized as an affirmative defense at common law. The Delaware Criminal Code makes no mention of mistake of law as a defense. The Code, however, does not indicate that all the defenses it lists are exhaustive. Rather the Code states that, of the defenses it has made statutory, those that are described as being affirmative defenses must be proved by the defendant by a preponderance of the evidence. Mistake of law is neither discussed nor ruled out as being an affirmative defense. In fact, the Commentary to the Delaware Criminal Code indi-

cates that mistake of law is an affirmative defense made available by the common law to the defendant, subject to the requirements of the *Long* case.

The sentence of the Superior Court is **AFFIRMED.** The mandate shall issue immediately.

tee for Revision of the Criminal Law which expressly recommends an affirmative statutory defense of mistake of law. *Proposed Delaware Criminal Code,* Section 250 (1967).

16. *Long,* 65 A.2d at 497.

17. *Id.* at 499.