Commonwealth *v.* Clark, Appellant.

Submitted June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., March 29, 1976:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, Criminal Division, by the defendant-appellant, Bruce Clark, after conviction by a jury of assault and battery and assault by a prisoner.

The defendant was charged after an incident at Graterford State Correctional Institution on September 20, 1972. He was arrested on October 3, 1972, indicted on January 8, 1973 and tried by a jury on July 3, 8 and 9 of 1974. He was sentenced to two and a half to six years in prison. A demurrer was sustained on the charge of holding a hostage.

The defendant's first contention of error is that the twenty-two month delay from the time of the arrest to the time of his trial constituted a violation of his Sixth Amendment right to a speedy trial. This case preceded the applicability of Rule 1100 since the arrest took place in 1972. Thus the standard set forth in *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972) is applicable. *Hamilton* held that several factors are to be considered in determining whether an accused's right to a speedy trial has been violated, namely, (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertions of his right to be tried, and (4) the prejudice to the accused. In the instant case the Commonwealth waited until a co-defendant could be tried jointly with the defendant for the sake of judicial expediency. The delay was for far less than the six-year delay in *Hamilton* and the accused did not actively assert his right to be tried. His main contention as to prejudice is that his rehabilitation while in prison was hampered by the fact that he was unsure of the outcome of the case pending against him. This is not sufficient prejudice so as to require a reversal of his conviction as the defendant has not shown how his trial was prejudiced in any manner by the delay. Therefore this argument is meritless.

The defendant also contends that his right not to be placed in double jeopardy was also violated, since, after the incident for which he was arrested, he was treated more severely in prison than he had been prior to the incident. He reasons that because he was treated more

severely he has already been punished for his crimes and that any additional punishment would violate his right not to be punished twice for the same crime. Administrative sanctions imposed by prison authorities after a defendant's apprehension in connection with the commission of a crime are not a bar to a subsequent prosecution for the crime in a court of convenient jurisdiction. *United States v. Stuckey*, 441 F.2d 1104 (3d Cir. 1971), cert. denied, 404 U.S. 841 (1971). Therefore the defendant's double jeopardy contention is devoid of merit.

The defendant also claims that an ice pick-like knife entered as a Commonwealth exhibit which the defendant had used in his assault on a prison guard should have been excluded as evidence because it was not properly identified. However, the exhibit was clearly described by several witnesses to the incident. Therefore its admission was proper.

The defendant's next contention is that the Commonwealth charged the defendant improperly in the indictment in that the amended crime of assault by prisoner deleted the requirement that the defendant be undergoing imprisonment for any term of years. The new crime merely required that the defendant perpetrate the assault while committed or confined in any prison whatever the reason therefor. Act of June 24, 1939, P.L. 872, §710.1, as amended by the Act of March 2, 1970, P.L. 78, No. 36, §1, 18 P.S. §4710.1. Thus the defendant alleges that he was charged with a crime that did not exist at the time the indictment was handed down. The indictment charges that "Bruce Clark being imprisoned in the State Correctional Institution at Graterford, Montgomery County, Pennsylvania, did unlawfully and feloniously, while undergoing imprisonment, with malice aforethought, commit an assault upon John Cleary and Henry Kurtz, guards at said institution". Therefore the indictment properly charges the defendant.

The defendant also alleges that there was insufficient evidence to convict him with the crime of assault by prisoner on guard John Cleary. At the time of trial Cleary testified that he had asked the defendant whether he wished to go out into the recreational yard; the defendant said that he did and that when Cleary turned to open the door to the yard, the defendant knocked him down. Another witness, Officer Kurtz, stated that he also observed the defendant knocking Cleary down and at that point Kurtz came over to Cleary's aid. He stated that the defendant then attacked him with a knife and a club. Kurtz also testified that the defendant threatened to stab him if he moved. Viewing the evidence in the light most favorable to the verdict winner, as we must, it is apparent that there was sufficient evidence before the jury to enable it to infer that the defendant attacked both Cleary and Kurtz with malice aforethought. *Commonwealth v. Reid,* 432 Pa. 319, 247 A.2d 783 (1968). See also *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A.2d 195 (1970).

The final allegation of error by the defendant is that he was denied his right to an impartial trial because the court refused to grant him a continuance which he requested within forty-eight hours of his trial. The granting of a continuance was within the discretion of the trial court. *Commonwealth v. Smith,* 442 Pa. 265, 275 A.2d 98 (1971). In the instant case the trial court did not abuse its discretion in denying the request for a continuance since the request was not timely made and the defendant offered no reason for his tardiness in making the request. This argument of the defendant is especially peculiar in this case where he complains of a deprivation of a right to a speedy trial.

Judgment affirmed.