**Eric E. RYAN, Petitioner Below, Appellant,**

v.

**STATE of Delaware, Respondent Below, Appellee.**

No. 26, 2001.

Supreme Court of Delaware.

Submitted: Nov. 14, 2001.

Decided: Feb. 22, 2002.

Christopher D. Tease, Wilmington, for Appellant.

John Williams, Department of Justice, Dover, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices, constituting the Court en Banc.

---

**28.** *Culver v. Bennett,* 588 A.2d 1094, 1096 `(Del.1991).

BERGER, Justice:

In this appeal, we consider whether a person who is sentenced to probation before judgment is eligible to have his record expunged. By statute, a person who is acquitted, or whose criminal charges are nolle prossed or dismissed, may petition for the expungement of all police and court records relating to the charges. Another statute allows certain offenders to plead guilty and receive "probation before judgment." After successfully completing the terms of such probation, the offender is discharged without judgment of conviction. We hold that an offender whose probation before judgment is discharged is eligible to have his criminal record expunged because, when the probation is discharged, the case is dismissed. Thus, the discharged case expressly falls within one of the categories of cases eligible for expungement.

## I. Factual and Procedural Background

On February 12, 2000, a police officer observed Eric E. Ryan and a companion, each carrying an open can of beer, walking on South College Avenue, Newark, Delaware. When asked about his age, Ryan stated that he would turn 21 in two weeks. Based on that statement and the portable Breathalyzer test results, the officer arrested Ryan and charged him with underage possession of alcohol in violation of Chapter 25, Section 19–5 of the Newark City Code.

At his trial in April 2000, Ryan agreed to plead guilty as charged in exchange for the arresting officer's agreement not to oppose Ryan's request for probation before judgment pursuant to 11 *Del. C.*

§ 4218. The Alderman's Court entered a Probation Before Judgment Sentencing Order that required Ryan to pay a fine, court costs, and an assessment before July 3, 2000, and to appear in court on that day to provide proof of compliance. Ryan satisfied the conditions of the sentencing order and the court entered an order dismissing the case.

A few weeks later, Ryan petitioned the Superior Court for expungement of his arrest record pursuant to 11 *Del. C.* § 4372(a)(2). In the petition, Ryan alleged that he is considering a career in law enforcement or law; that he has no other criminal record; and that the criminal record relating to the underage possession of alcohol charge likely will hinder his efforts to pursue his career. The State opposed Ryan's petition, arguing that Ryan was not eligible to seek expungement for five years after being sentenced to probation before judgment. The Superior Court accepted the State's argument and denied Ryan's petition with leave to refile in five years.[1] This appeal followed.

## II. Discussion

■ It is settled law that, if a statute is unambiguous, no interpretation is necessary and the plain meaning of the language in the statute controls.[2] The expungement statute, 11 *Del. C.* § 4372(a), provides in relevant part:

(a) If a person is charged with the commission of a crime and

(1) Is acquitted; or

(2) A nolle prosequi is taken, or the charge is otherwise dismissed, the

---

1. The State now concedes that its argument to the trial court was incorrect. Although the probation before judgment statute may only be used once every five years, there is no reason that the five year restriction should affect one's ability to seek expungement, as the expungement statute contains no time limits.

2. *Spielberg v. State,* 558 A.2d 291, 293 (Del. 1980).

person may file a petition setting forth the relevant facts and requesting expungement of the police records, and the court records relating to the charge.

Ryan pled guilty to underage possession of alcohol under the probation before judgment statute, 11 *Del. C.* § 4218, which provides in part:

(a) Subject to the limitations set forth in this section, for [specified offenses] a court exercising criminal jurisdiction after accepting a guilty plea or nolo contendere plea may, with the consent of the defendant and the State, stay the entry of judgment, defer further proceedings, and place the defendant on "probation before judgment" subject to such reasonable terms and conditions as may be appropriate....

\* \* \*

(f) Upon fulfillment of the terms and conditions of probation before judgment, the Court shall enter an order discharging the person from probation.... The discharge is the final disposition of the matter. Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of a crime.

After Ryan completed the terms of his probation, the court entered an order stating that "the case is hereby dismissed."

■ Since the expungement statute expressly states that it applies to cases where the charges were dismissed, and since Ryan's criminal charge was dismissed, it might seem beyond dispute that Ryan is eligible to seek expungement. But the State points out that the purpose of the expungement statute, as stated in 11

*Del. C.* § 4371, is "to protect innocent persons from unwarranted damage which may occur as a result of arrest and other criminal proceedings which are unfounded or unproven." Since Ryan pled guilty, it is difficult to classify him as an "innocent person" whose criminal charges were unfounded or unproven. Moreover, in *State v. Skinner*[3], this Court held that a person who has been pardoned is not eligible to seek expungement. The State reads *Skinner* as authority for its position that expungement is only available to those who are, in fact, innocent.

■ We disagree. This Court held that, although Skinner's pardon forgave the prior conviction, it did not erase the fact that Skinner was convicted. Having decided that a pardon is not the equivalent of an acquittal, nolle prosequi or dismissal, the Court concluded that Skinner was ineligible to seek expungement:

Delaware's expungement statute permits expungement of records only for arrests resulting in acquittal, nolle prosequi or other dismissal. Skinner, because of his conviction, falls outside the specific category of persons expressly entitled to expungement. Skinner's pardon, while restoring his civil rights, does not "blot out the existence of guilt." Thus, Skinner is not within the class of persons the legislature sought to protect through the expungement statute.[4]

The successful completion of probation before judgment, by contrast, does "blot out the existence of guilt." While Ryan may not be "innocent in fact," his discharge from probation renders him innocent as a matter of law and results in a dismissal, which is one of the categories of cases expressly eligible for expungement. Accordingly, we hold that a person who is

---

**3.** 632 A.2d 82 (Del.1993).

**4.** 632 A.2d at 87.

discharged from probation before judgment pursuant to 11 *Del. C.* § 4218 is eligible to seek expungement pursuant to 11 *Del. C.* § 4372.

Finally, we note that 11 *Del. C.* § 4373(a) vests discretion in the trial judge to determine whether "the continued existence and possible dissemination of information relating to the arrest of the petitioner causes, or may cause, circumstances which constitute a manifest injustice to the petitioner...."[5] It does not appear that the trial court considered whether expungement should be ordered, since it decided that Ryan was not eligible. We express no position on this issue.

### III. Conclusion

Based on the foregoing, this matter is reversed and remanded to the Superior Court for its consideration of Ryan's petition for expungement.

---

**5.** *Hechinger v. State,* 707 A.2d 766, 1998 WL 138932 (Del.Supr.)