# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | ID No. 1704004345 |
| v. | ) | |
| | ) | |
| ROBERT A. MACDONOUGH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: November 13, 2017
Decided: January 12, 2018

On Defendant's Amended Motion to Dismiss.[1] **DENIED.**

# MEMORANDUM OPINION

William H. Leonard, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jason R. Antoine, Esquire, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

---

[1] Defendant filed a Motion to Dismiss ("Original Motion"), followed by an Amended Motion to Dismiss ("Amended Motion"). The Amended Motion incorporated by reference all arguments from the Original Motion.

# I. INTRODUCTION

Pending before this Court is Defendant's motion to dismiss. This case arises out of a fatal car accident allegedly caused by Defendant. Defendant was cited at the time of the accident with Failure to Stop at a Red Light, which Defendant resolved through Probation Before Judgment ("PBJ") in Justice of the Peace Court Nine ("JP Ct. 9"). Nine months later, Defendant was indicted on an Operation of a Vehicle Causing Death charge. The indictment alleged that Defendant drove negligently by disregarding a red light. Two months later, Defendant was re-indicted on the same charge, but on a different theory of negligence, in that the re-indictment charged Defendant with the negligence of Careless Driving.

Defendant argues that the present indictment before this Court should be dismissed for two reasons. First, Defendant argues, pursuant to Superior Court Criminal Rule 48(b), that the State caused an unnecessary delay in bringing Defendant to trial and as a result caused Defendant prejudice. Second, Defendant contends that the re-indictment for Operation of a Vehicle Causing Death is barred by the Double Jeopardy Clause of the Fifth Amendment of the United Stated Constitution and Article I, § 8 of the Delaware Constitution.

The indictment of Defendant for Operation of a Vehicle Causing Death will not be dismissed because the Court concludes that there was no unnecessary delay attributable to the State under Superior Court Criminal Rule 48(b). Also, this Court holds that prosecution of the Operation of a Vehicle Causing Death in the re-indictment charge is not precluded by the Double Jeopardy Clause of either the Federal or Delaware Constitutions because jeopardy did not attach when Defendant elected PBJ in JP Ct. 9. Defendant's motion to dismiss is therefore denied.

# II. FACTS AND PROCEDURAL HISTORY

On July 1, 2016, Defendant drove his vehicle through a red light and collided with another vehicle.[2] The driver of the other vehicle was Leyland S. Reffett ("the victim").[3] Although the victim was conscious at the scene of the accident, when

---

[2] State's Resp. at 1.
[3] *Id.*

2

police arrived, he was transported to a hospital where he died.[4] An autopsy revealed that the cause of death was blunt force trauma as a result of the collision.[5]

The state trooper who responded to the scene of the accident interviewed Defendant.[6] Defendant said he did not remember what happened after he entered the intersection and collided with the victim's car, nor did he remember whether his traffic light was red or green.[7] The trooper also interviewed eyewitnesses to the accident who stated that they witnessed Defendant run the red light and strike the victim's car.[8] The trooper assessed his findings at the scene and issued Defendant a citation for "Failure to Stop at a Red Light."[9]

At some point soon after he issued the citation to Defendant, the trooper learned that the victim had died as a result of the accident.[10] The trooper informed the Delaware State Police Collision Reconstruction Unit of this fact which then began a vehicular fatality investigation.[11]

Defendant pled guilty to Failure to Obey a Traffic Device charge in violation of 21 *Del. C.* § 4107 in JP Ct. 9 and elected PBJ, on August 22, 2016.[12] JP Ct. 9 then later "enter[ed] an order discharging [Defendant] from probation" after Defendant completed PBJ.[13]

On September 16, 2016, an officer interviewed Defendant again, at which time Defendant stated that he could not remember whether the traffic light was red or yellow.[14] The officer informed Defendant that the officer would communicate with the State regarding the pursuit of additional charges against Defendant, and advising Defendant that he could be charged with Operation of a Vehicle Causing Death.[15]

---

[4] *Id.*; *see also State v. Macdonough*, ID No. 1704004345, Cooch R.J., at 8 (Del. Super. Sept. 29, 2017) (TRANSCRIPT) [hereinafter Oral Argument Transcript] (Defense Counsel: "The victim was deceased two hours and 18 minutes after the accident[.]").

[5] State's Resp. at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*; Def.'s Reply at 3.

[9] Def.'s Am. Mot., Ex. B, at 4.

[10] *Id.* at 2.

[11] *Id.*

[12] *Id.*, *see also* Def.'s Am. Mot., Ex. A.

[13] *Id.*; 11 *Del. C.* § 4218(g).

[14] *Id.*; Def.'s Reply at 3.

[15] Def.'s Reply at 3.

On April 17, 2017, a grand jury indicted Defendant for Operation of a Vehicle Causing Death.[16] The indictment alleged that Defendant caused the Victim's death by Failing to Obey a Traffic Device.[17]

At the time of Defendant's first case review on June 5, 2017, the State informed defense counsel that the State intended to re-indict Defendant on the same charge of Operation of a Vehicle Causing Death, but on the negligence theory of careless driving.[18] On June 12, 2017, a grand jury returned the present re-indictment to this effect against Defendant.[19]

Defendant filed two continuance requests in July of 2017.[20] Defendant's July 7, 2017 continuance request for trial and final case review sought additional time to file motions and review discovery.[21] Defendant's July 31, 2017 continuance request of the first trial date of September 14, 2017 was due to defense counsel's vacation. The Court granted both requests.[22]

Defendant then filed a Motion to Dismiss on July 17, 2017 and an Amended Motion to Dismiss on July 31, 2017.[23] Trial is scheduled for January 23, 2018.

### III. THE PARTIES' CONTENTIONS

*A. Defendant's Contentions*[24]

Defendant makes two main arguments in support of his motion to dismiss. First, Defendant claims that the State caused an unnecessary delay, pursuant to Superior Court Criminal Rule 48(b), in bringing Defendant to trial and, as a result, caused Defendant prejudice.[25] Second, Defendant asserts that the re-indictment for

---

[16] State's Resp. at 2.

[17] *Id.* at 2-3.

[18] *Id.* at 3.

[19] *Id.*

[20] *Id.*; Def.'s Reply at 2.

[21] *Id.*

[22] *Id.*

[23] Def.'s Original Mot.; Def.'s Am. Mot.

[24] Defendant also had raised a third contention in his Amended Motion that prosecution is barred under 11 *Del. C.* § 208. Def.'s Am. Mot. at 2-3. Defendant has since withdrawn this argument. Def.'s Reply Br. at 2 n.1. As such, the Court need not reach this issue.

[25] Def.'s Original Mot. at 3.

Operation of a Vehicle Causing Death under a theory of Careless Driving is barred by the Double Jeopardy Clause of the Fifth Amendment of the United Stated Constitution and Article I, § 8 of the Delaware Constitution.[26]

First, in support of his 48(b) argument, Defendant argues there was an unnecessary delay in bringing him to trial because there was a nine-month delay between the accident and the first indictment and an eleven-month delay between the accident and the re-indictment.[27] Defendant also contends that he was prejudiced by the delay because he is 61-years-old, has been disabled since 2003, has various medical ailments, can only move with the aid of a walker, and lives in Pennsylvania and needs a family member to drive him to Court.[28] Furthermore, Defendant argues that he has had "high levels of anxiety since he found out he was being twice prosecuted for this incident."[29]

Defendant also argues that, by seeking re-indictment on a separate charge, the State did so "presumably to set forth a stronger argument that the case is not barred by [the] double jeopardy clause."[30] "This negligent choice of forum by the State and the unnecessary delay for indictment and re-indictment does leave the impression of unfair manipulation of the criminal process."[31]

Second, Defendant argues that this case should be dismissed because the indictment is barred under the Double Jeopardy Clause of the Fifth Amendment of the United Stated Constitution and Article I, § 8 of the Delaware Constitution.[32] Defendant asserts that the indictment is barred pursuant to Double Jeopardy because Defendant pled guilty to 21 *Del. C.* § 4107 and JP Ct. 9 "enter[ed] an order discharging [Defendant] from probation" after Defendant completed PBJ.[33] Defendant contends that he has a "legitimate expectation of finality" and should not be subjected to multiple punishments for the same offense.[34]

---

[26] *Id.* at 4.

[27] *Id.*

[28] *Id.*

[29] *Id.*; *see also* Def.'s Reply at 5 ("The Defendant has also suffered from anxiety due to the unknown status of the prosecution for nine months.").

[30] Def.'s Original Mot. at 4.

[31] Def.'s Reply Br. at 8.

[32] Def.'s Original Mot. at 4.

[33] *Id.* at 5; 11 *Del. C.* § 4218(g).

[34] *Id.*

## B. The State's Contentions

First, the State argues that any unnecessary delay in bringing Defendant to trial "is not attributable to the State[]" because Defendant filed two continuance requests on July 7, 2017 and July 31, 2017.[35] The State also contends that Defendant has not demonstrated that he suffered prejudice because "[h]e has never been held in connection with this case."[36] The State also essentially argues that Defendant is unable to claim prejudice when less than two months separated the initial indictment and the re-indictment, and the re-indictment was "well before trial."[37] Also, the State argues that there has been "no evidence presented that the current prosecution caused or exacerbated Defendant's [medical conditions]."[38]

Second, the State makes arguments that Double Jeopardy does not preclude this Superior Court prosecution of Defendant for Operation of a Vehicle Causing Death.[39] Primarily, the State argues that Double Jeopardy did not attach in the first JP Ct. 9 proceeding because PBJ is an administrative process without the adjudication of guilt.[40] Thus, the State argues that "Defendant's participation in the PBJ program does not preclude prosecution" in this Court because jeopardy did not attach in JP Ct. 9.[41]

---

[35] State's Resp. at 5.

[36] *Id.* at 6.

[37] *Id.* (citing *Phillips v. State*, 154 A.3d 1130, 1146 (Del. 2017) (finding that that there was no prejudice when State re-indicted defendant 129 days after initial indictment)).

[38] *Id.*

[39] *Id.* at 6-13.

[40] *Id.* at 7 (citing *Tarr v. State*, 486 A.2d 672, 674 (Del. 1984) (holding that "[a] defendant's election to participate in a first offender's program to avoid prosecution for the charge of driving under the influence . . . does not fit within any of these typical situations where jeopardy usually attaches[]" because of "the administrative nature of the first offender's program")).

[41] *Id.* at 9; Alternatively, the State argues that Defendant may be prosecuted for both Failure to Obey a Traffic Device and Operation of a Vehicle Causing Death because "the same conduct . . . may establish the commission of [each] offense." *Id.* The State argues that, because neither of the two offenses is an "included offense" pursuant to 11 *Del. C.* § 206(b), the re-indicted Operation of a Vehicle Causing Death charge is not precluded by Double Jeopardy. *Id.* at 12. The State also argues alternatively that it does not seek to prosecute Defendant multiple times for the same offense. *Id.* at 13. Rather, the State contends that it seeks prosecution for Defendant's alleged operation of a vehicle causing death of another person. *Id.*

Additionally, the Deputy Attorney General candidly acknowledged that the State sought the re-indictment to improve its Double Jeopardy position. Oral Argument Transcript, *supra* n.4, at 19. The Court need not reach these issues.

## IV. DISCUSSION

Defendant's motion to dismiss is denied because there has been no unnecessary delay pursuant to Superior Court Criminal Rule 48(b) and because prosecution of Defendant for Operation of a Vehicle Causing Death is not precluded by the Double Jeopardy Clause of the Fifth Amendment of the United Stated Constitution or Article I, § 8 of the Delaware Constitution.

*A. Dismissal Pursuant to Superior Court Criminal Rule 48(b) is Not Warranted.*

The indictment of Operation of a Vehicle Causing Death will not be dismissed because the Court finds that there has been no unnecessary delay attributable to the State and because any prejudice to Defendant of as a result of a delay was not essentially beyond that of an ordinary party to a criminal justice proceeding.

This Court has broad discretionary authority to dismiss an indictment if there has been "unnecessary delay."[42] Superior Court Criminal Rule 48(b) states:

> If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer in Superior Court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

To dismiss an indictment under Rule 48(b), there must be an "unnecessary delay" that is attributable to the State and "such delay must be established to have had a prejudicial effect upon defendant beyond that normally associated with a criminal justice system necessarily strained by a burgeoning case load."[43] "Such prejudice must be attributable to the prosecution and must have prejudiced the Defendant in some measurable way."[44]

Defendant has failed to demonstrate that there has been an unnecessary delay attributable to the State in indicting Defendant or bringing Defendant to trial. This Court finds no unnecessary delay between the July 1, 2016 accident and the April 17, 2017 indictment, nor between the July 1, 2016 accident and the June 12, 2017 re-indictment. The Court acknowledges that vehicular fatality investigations are lengthy processes. Among other reasons, a medical examiner's report apparently

---

[42] Del. Super. Ct. Crim. R. 48(b).

[43] *See State v. McElroy*, 561 A.2d 154, 155–56 (Del. 1989) (internal quotation marks omitted).

[44] *State v. Anderson*, 2009 WL 2620502, at *2 (Del. Super. Aug. 21, 2009).

7

"takes 12 to 15 weeks to get[.]"[45] As such, this Court does not find that there was an unnecessary delay attributable to the State in presenting the charge to a grand jury. Moreover, due to the fact that Defendant made two continuance requests prior to trial, this Court does not find that there was an unnecessary delay attributable to the State in bringing Defendant to trial.

Additionally, this Court does not find that Defendant was measurably prejudiced "beyond that normally associated with [the] criminal justice system" in large part because he has been at liberty for the extent of his case. Defendant argues that anxiety suffered from "commencement of a new prosecution after dismissal of the same charge in another court[]" is a factor that supports a finding of prejudice under Rule 48(b).[46] However, Defendant's charge in JP Ct. 9 was Failure to Obey a Traffic Device, while his charge in this Court is Operation of a Vehicle Causing Death. Defendant's health conditions are a minor factor in determining potential prejudice from a delay. The anxiety suffered by Defendant does not appear greater than that of an ordinary party to a criminal justice proceeding.

Thus, dismissal pursuant to Superior Court Criminal Rule 48(b) is not warranted here because there has been no unnecessary delay attributable to the state, nor was there any measurable prejudice to the Defendant beyond that of an ordinary party to the criminal justice system. As stated, Defendant requested two separate continuances in this case.

B.     *Double Jeopardy Does Not Preclude Prosecution of Operation of a Vehicle Causing Death.*

Prosecution of Defendant for Operation of a Vehicle Causing Death in this Court following adjudication in JP Ct. 9 does not run afoul of the Double Jeopardy Clause of the Fifth Amendment of the United Stated Constitution or Article I, § 8 of the Delaware Constitution because jeopardy did not attach in the JP Ct. 9 proceeding.

"Both the United States and Delaware Constitutions provide that no person shall be twice put in jeopardy of life or limb for the same offense."[47] The Double Jeopardy Clause guarantees three protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second

---

[45] Oral Argument Transcript, *supra* n.4, at 18.

[46] Def.'s Reply Br. at 4 (citing *State v. Morris*, 340 A.2d 846, 850 (Del. Super. 1975)).

[47] *Tarr v. State*, 486 A.2d 672, 674 (Del. 1984) (citing U.S. Const. amend. V and Del. Const. art. 1, § 8).

prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."[48]

"A crucial determination that must be made, when double jeopardy is an issue, is whether jeopardy attached in the first proceeding."[49]

> The question of when jeopardy attaches is relatively settled in most instances. In a nonjury trial jeopardy attaches when the first witness is sworn. In a jury trial it occurs when the jury is impaneled and sworn. Finally, in those cases where the defendant is convicted, based on a plea of guilty, double jeopardy will be found to preclude a subsequent conviction for the same offense.[50]

The Delaware Supreme Court in *Tarr* stated that "[t]he question of when jeopardy attaches is relatively settled in most instances."[51] No Delaware case has apparently addressed the precise issue here of whether Double Jeopardy precludes a subsequent prosecution in this Court when a defendant has pled guilty to another offense stemming from the same conduct, but where that previous court then "enter[ed] an order discharging [Defendant] from probation" after Defendant completed PBJ, with no final conviction attaching.[52]

This Court looks to *Tarr* for guidance. This Court agrees with the State's argument that the first offender's program in *Tarr* provides direction by analogy to Defendant's PBJ here.

The defendant in *Tarr* was charged with operating a motor vehicle under the influence of alcohol after she drove her car into a tree while intoxicated.[53] The defendant elected to participate in, and subsequently completed, the DUI first offender's course of instruction. The passenger of the defendant later died as a result of injuries sustained in the accident. The defendant was then indicted for vehicular homicide in the first degree.[54]

The defendant in *Tarr* claimed on appeal that the second indictment should have been dismissed by this Court on Double Jeopardy grounds. However, the Delaware Supreme Court held that the subsequent vehicular homicide charge was

---

[48] *State v. Cook*, 600 A.2d 352, 354 (Del. 1991).
[49] *Tarr*, 486 A.2d at 674.
[50] *Id.* (citations and internal quotation marks omitted).
[51] *Id.*
[52] 11 *Del. C.* § 4218(g).
[53] *Tarr*, 486 A.2d at 673.
[54] *Id.* at 674.

not precluded by Double Jeopardy because the first offender's program that the defendant elected to pursue in her first charge was administrative in nature and "is similar to a civil sanction which does not preclude a subsequent criminal prosecution."[55] The Delaware Supreme Court acknowledged that

> [a] defendant's election to participate in a first offender's program to avoid prosecution for the charge of driving under the influence . . . does not fit within any of these typical situations where jeopardy usually attaches. However, given the nature of this project, we find it conceptually incompatible with the usual indicia upon which a viable claim of double jeopardy rests.[56]

This Court finds that Defendant's completion of PBJ is very much analogous to the DUI first offender's program in *Tarr*. The PBJ statute of 11 *Del. C.* § 4218(a) provides that "a court exercising criminal jurisdiction after accepting a guilty plea or nolo contendere plea may, with the consent of the defendant and the State, stay the entry of judgment, defer further proceedings, and place the defendant on [PBJ] subject to such reasonable terms and conditions as may be appropriate." Upon completion of terms and conditions of PBJ "the Court shall enter an order discharging the person from probation. . . . Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of a crime."[57]

Completion of the Delaware PBJ statute does not result in an acquittal or a conviction. Rather, successful completion of PBJ results in a dismissal.[58] The Delaware Supreme Court in *Ryan v. State* held, "successful completion of [PBJ] . . . does blot out the existence of guilt. While [the defendant] may not be innocent in fact, his discharge from probation renders him innocent as a matter of law and results in a dismissal[.]"[59] Because the Failure to Obey a Traffic Device charge resulted in dismissal following Defendant's successful completion of PBJ, Double Jeopardy did not attach. As such, the Operation of a Vehicle Causing Death charge before this Court is not precluded by the Double Jeopardy Clause.

PBJ is similar to the first offender's program in that it provides a defendant an administrative alternative to an adjudication of guilt or innocence through the judicial system. Thus, Double Jeopardy does not bar prosecution of the Operation of

---

[55] *Id.* at 675.
[56] *Id.* at 674.
[57] 11 *Del. C.* § 4218(g).
[58] *Ryan v. State*, 791 A.2d 742, 744 (Del. 2002).
[59] *Id.* (internal quotation marks omitted).

a Vehicle Causing Death charge in this Court because jeopardy never attached in JP Ct. 9 following Defendant's completion of PBJ.

## V. CONCLUSION

Dismissal of the indictment is not warranted for either of the arguments offered by Defendant. First, dismissal pursuant to Superior Court Criminal Rule 48(b) is not warranted because there was no unnecessary delay attributable to the state, nor was there any measurable prejudice to the Defendant beyond that of an ordinary party to the criminal justice system. Second, prosecution of Defendant for Operation of a Vehicle Causing Death in this Court following adjudication in JP Ct. 9 is not barred by the Double Jeopardy Clause of the Fifth Amendment of the United Stated Constitution or Article I, § 8 of the Delaware Constitution because jeopardy did not attach in the JP Ct. 9 proceeding as Defendant elected PBJ, the successful completion of which results in dismissal.

Defendant's motion to dismiss is **DENIED.**

_____
Richard R. Cooch, J.

cc: Prothonotary

11