**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **I.D. No. 1908014450** |
| | ) | **Cr. A. Nos. IN19-09-0015, etc.** |
| GREGORY BROWN, | ) | |
| Defendant. | ) | |

Submitted: August 20, 2020
Decided: August 20, 2020
Written Order Issued: August 31, 2020

## <u>ORDER</u>

*Upon the State's Application to Sentence Defendant Gregory Brown for*
*Two Separate Violations of 11* Del. C. *§ 1448 for One Loaded Handgun,*
**GRANTED**.

This 31st day of August, 2020, upon consideration of the State's Application to Sentence Defendant Gregory Brown for both Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited (D.I. 18, 24, and 26), Brown's Objections thereto (D.I. 20, 25, and 27), and the record in this matter, it appears to the Court that:

(1)     On February 12, 2020, the Court convicted Gregory Brown at a bench trial of four counts of a five-count indictment.  Two of the charges were for one count each of possession of a firearm by a person prohibited (PFBPP)[1] and

---

[1]     DEL. CODE ANN. tit. 11, § 1448(a)(1)–(c) (2019).

possession of ammunition by a person prohibited (PABPP).[2]  Both of these charges related to the possession of a single loaded firearm.  Both PFBPP and PABPP are varieties of Possession of a Deadly Weapon by a Person Prohibited (PDWBPP).[3]

(2)    The sentencing question before the Court—raised *sua sponte*[4]—is whether these **two** separate convictions and separate sentences under the PDWBPP statute for possession of **one** loaded firearm contravenes the meaning of the statute. And, if the statute embraces dual charges for a firearm and for the ammunition loaded within, whether the statute falls afoul of the Double Jeopardy clauses of the Delaware and United States Constitutions, each of which declares that no person shall be "twice put in jeopardy of life or limb."[5]

(3)    The federal Double Jeopardy Clause contains three protections. *First*, "[i]t protects against a second prosecution for the same offense after acquittal."[6]

---

[2]    *Id.*

[3]    *Id.*

[4]    *Longford-Myers v. State*, 2019 WL 2622152, at *3 n.17 (Del. June 27, 2019)("[W]e think that it is critical that the parties and sentencing judges, whether in the context of a contested sentencing or one where the State and defendant have agreed to a sentencing recommendation, take care on the front end to fashion sentences that are within the bounds of the law and that reflect a reasoned exercise of discretion within those bounds.").

[5]    *See* U.S. CONST. amend 5 ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"); DEL. CONST. art. I, § 8 ("no person shall be for the same offense twice put in jeopardy of life or limb").

[6]    *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (citing cases).

*Next*, "[i]t protects against a second prosecution for the same offense after conviction." [7] *And lastly*, "it protects against multiple punishments for the same offense."[8] This third of the Double Jeopardy protections—that against what is called "multiplicity"—is at issue here.[9]

(4)     The dimensions of the protection against multiplicity are limited. Convictions are considered multiplicitous when a defendant faces "multiple punishments for the same offense where [the legislature] has not authorized cumulative punishment."[10] But cumulative punishments for a single occurrence are not double jeopardy where the legislature expresses an unambiguous intent for that single occurrence to accrue such liability.[11] Importantly, the bar against multiplicity

---

[7]   *Id.*

[8]   *Id.*

[9]   *Williams v. State*, 796 A.2d 1281, 1286 (Del. 2002) ("Multiplicity is the charging of a single offense in more than one count of an indictment. Dividing one offense into multiple counts . . . violates the double jeopardy provisions of the constitutions of the State of Delaware and of the United States.").

[10]   *United States v. Ogba*, 526 F.3d 214, 232-33 (5th Cir. 2008).   Federal courts thus view multiplicitous prosecutions as creating new criminal laws in a judicial setting, an arrogation of legislative authority in violation of separation of powers. *Whalen v. United States*, 445 U.S. 684, 689 (1980).

[11]   *State v. Cook*, 600 A.2d 352, 356 (Del. 1991) (citing *Grady v. Corbin*, 495 U.S. 508 (1990)). A different holding in *Grady* related to successive-prosecution cases has been overturned, but is not implicated here and does not upset the *Cook* decision.  *United States v. Dixon*, 509 U.S. 688, 704 (1993).

is *not* a Constitutional prohibition against multiple punishments or convictions from a single act, but only a requirement that such punishments or convictions derive from the clear expression of the legislature, whether federal or state.[12]  In Delaware, the intent of the legislature is expressed in the plain meaning of an unambiguous statute.[13]

(5)    Thus, when addressing the multiplicity issue in a given circumstance "the primary inquiry must be one of statutory construction and whether there exists clearly expressed legislative intent to impose multiple punishments."[14]  Analysis of a constitutional objection ordinarily first inquires as to whether the statute in fact raises the constitutional issue alleged, because in Delaware "a constitutional question will not be decided unless its determination is essential to the disposition of the case."[15]  But because the bounds of the federal Double Jeopardy Clause's protection is itself is measured only by a rule of statutory construction, this normal procedure is inapplicable and the two steps become one.

---

[12]  *Missouri v. Hunter*, 459 U.S. 359, 365–66 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").

[13]  *Ross v. State*, 990 A.2d 424, 428-29 (Del. 2010); *State v. Daniels*, 2019 WL 6869071, at *2 (Del. Super. Ct. Nov. 13, 2019).

[14]  *Nance v. State*, 903 A.3d 283, 286 (Del. 2006).

[15]  *Downs v. Jacobs*, 272 A.2d 706, 708 (Del. 1970) (citing cases).

(6)     Where a constitutional claim is brought under similar clauses present in both the Delaware and United States Constitutions, the court must "apply a logical, deductive analytical process" to determine if the Delaware Constitution affords any protection beyond the Federal one.[16]  Thus, the Court must necessarily examine the Constitution of the United States before it can determine if Delaware protections go further.[17]  And the Double Jeopardy Clauses in the Delaware and United States Constitutions appear in "virtually identical" terms,[18] so this is just such a case where examination of the Delaware Constitution must necessarily be the final step.

(7)     Two statutory provisions are non-multiplicitous under the federal Double Jeopardy Clause and support separate indictments, convictions, and

---

[16]    *Jones v. State*, 745 A.2d 856, 864 (Del. 1999).

[17]    *See State v. Xenidis*, 212 A.3d 292, 300–301 (Del. Super. Ct. 2019) ("[W]hile this Court need not be reluctant, where warranted, to show greater sensitivity to Delawareans' individual rights under our Constitution than the United States Supreme Court accords to their rights under the Federal Constitution. . . the question of state constitutional adjudication is not whether this Court may interpret our constitution differently than the federal constitution, the issue is whether we must.") (internal quotation, alteration, and italics omitted).  The United States Supreme Court would prefer that states address their own constitutions first so that its own review does not amount to an advisory opinion. *Michigan v. Long*, 463 U.S. 1032, 1040 (1983) (citing *Herb v. Pitcairn*, 324 U.S. 117, 125 (1945)).  But, Delaware has eschewed that suggested procedural rule. *E.g. Jones*, 745 A.2d at 860-65; *Sanders v. State*, 585 A.2d 117, 144-45 (Del. 1990);  *Van Arsdall v. State*, 524 A.2d 3, 6 (Del. 1987).

[18]    *Tarr v. State*, 486 A.2d 672, 673 n.1 (Del. 1984).  The Fifth Amendment's Double Jeopardy Clause applies to the states via incorporation through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969) (overturning *Palko v. Connecticut*, 302 U.S. 319 (1937)).

punishments where "each provision requires proof of a fact which the other does not."[19] Multiplicity is avoided if the charges each possess a factual element susceptible to proof failing to satisfy the other, even if in a *particular* case a single act accomplishes both.[20]

(8) The prohibitory clause of PDWBPP reads: "Any prohibited person as set forth in subsection (a) of this section who knowingly possesses, purchases, owns or controls a deadly weapon or ammunition for a firearm while so prohibited shall be guilty of possession of a deadly weapon or ammunition for a firearm by a person prohibited."[21]

(9) "A conviction for PFBPP requires proof that a defendant was a prohibited person and knowingly possessed a firearm" while "a conviction for PABPP requires proof that a defendant was a prohibited person and knowingly possessed firearm ammunition."[22]

---

[19] *Nance*, 903 A.2d at 286 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

[20] *See United States v. Reed*, 639 F.2d 896, 905 (2d Cir. 1981) ("[I]t was not improper for the Government to charge that a single act violated both the general mail fraud statute and various fraud provisions of the securities law involving use of the mails. . . the same transaction may violate two distinct provisions of the same statute or different statutes and be punishable under both as separate substantive crimes.") (quoting *United States v. Van Allen,* 28 F.R.D. 329, 343 (S.D.N.Y. 1961)).

[21] DEL. CODE ANN. tit. 11, § 1448(b) (2019).

[22] *Crosby–Avant v. State*, 2018 WL 2427595, at *4 (Del. May 29, 2018).

- 6 -

(10)   These factual elements are entirely distinct. "[A] firearm need not be loaded or operable to sustain a conviction for Possession of a Deadly Weapon by a Person Prohibited."[23]  And a defendant can be convicted of PABPP without any allegation that he was ever in possession of a firearm.[24]  Though PFBPP and PABPP *can* be completed with a single act of handling a loaded firearm,[25] they are objectively susceptible to independent commission and proof.

(11)   Nevertheless, when the State seeks to punish a defendant for more than one count of violating a single statutory prohibition[26] the Court must still consider the issue of whether the defendant committed "*one as opposed to two discrete violations of the same statute.*"[27]

---

[23]  *Buchanan v. State*, 981 A.2d 1098, 1104 n.40 (Del. 2009) (quoting *Corbin v. State*, 1991 WL 316965, at *4 (Del. Dec. 10, 1991), *clarified and modified on other grounds*, 1992 WL 404289 (Del. Feb. 19, 1992)).

[24]  *See Wingfield v. State*, 2012 WL 4878864, at *2 (Del. Oct. 15, 2012) (sustaining a jury's conviction for PABPP based on evidence that five rounds of ammunition and the defendant's business card were found on a desk at which he habitually sat at his place of work).

[25]  *E.g. Crosby–Avant*, 2018 WL 2427595, at *4.

[26]  And PABPP and PFBPP are subspecies of PDWBPP, triggered by the same subparagraph, §1448(b).

[27]  *Williams v. State*, 796 A.2d at 1285 n.17 (citing and adding italics to *United States v. Forman*, 180 F.3d 766, 769 (6th Cir. 1999)).

(12)   Here, too, the Delaware Supreme Court has effectively decided the issue.  When specifically addressing multiplicity under PDWBPP, it determined[28] that the statute contemplates separate counts of PFBPP for each firearm and an additional PABPP count for ammunition.[29]  In that case, some of the ammunition was not loaded into any of the firearms.[30]  To distinguish Brown's case would require imposing *lesser* criminal liability on a prohibited person for possessing ammunition and a firearm if the ammunition is loaded versus loose.  Such a strange interpretation runs counter to the purpose of the statute, which is to protect society from gun violence from "previously-convicted violent felons and drug dealers by increasing the punishment for their illegal possession of a firearm."[31]  A loaded weapon is necessarily a more imminent danger than an unloaded one.

---

[28]   *See Evans v. State*, 872 A.2d 539, 549 (Del. 2005) ("[O]nly the Delaware judiciary has the power, 'province and duty. . . to say what the law is' in particular cases and controversies.") (quoting, with ellipsis, *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178, 2 L.Ed. 60 (1803)).

[29]   *See Buchanan v. State*, 2011 WL 3452148, at *4 (Del. Aug. 8, 2011) (denying postconviction relief on multiplicity grounds for a multiple-count conviction because he "was found in possession of two different handguns as well as ammunition for one of the guns. Each handgun and the ammunition constituted a different offense.").

[30]   *See Buchanan*, 981 A.2d at 1100 (Del. 2009) (noting on direct appeal that the seized weapons and ammunition were a ".45 caliber semi-automatic pistol, a .22 caliber pistol, a loaded magazine for the .45 in the original manufacturer's wrapping, and additional ammunition for the .45").

[31]   *Ross*, 990 A.2d at 431.

(13) Because the federal Double Jeopardy Clause operates on this case solely as to statutory interpretation, that holding of the Delaware Supreme Court forecloses relief on statutory grounds or from the United States Constitution. What remains to Brown is to justify some additional protection from the Delaware Double Jeopardy Clause.

(14) Brown asks the Court to adopt the reasoning from federal courts' interpretation of a federal statute prohibiting certain categories of people[32] from possessing firearms. In that statute, the persons prohibited are forbidden to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."[33]

(15) Federal courts hold that "simultaneous receipt of more than one weapon covered by [the statute] supports conviction for only one offense"[34] thereunder. But this is a matter of statutory interpretation—not of constitutional compulsion.

---

[32] *See* 18 U.S.C. § 922(g) (enumerating categories of persons prohibited). Note that the federal categories differ from the Delaware ones in fairly significant ways. For instance, the federal categories include most persons present on nonimmigrant visas (subsection §922(g)(5)(B)), while the Delaware categories embrace persons under age 21 who were adjudicated delinquent of felony offenses (Del. Code Ann., tit. 11 § 1448(a)(4)).

[33] 18 U.S.C. § 922(g).

[34] *United States v. Frankenberry*, 696 F.2d 239, 245 (3d Cir. 1982).

Because the *any* in *any firearm or ammunition* "may be said to fully encompass (i.e., not necessarily exclude any part of) plural activity," federal courts view it as ambiguous and so, consistent with the federal Double Jeopardy Clause and rule of lenity, construe it strictly in the federal defendant's favor.[35] In turn, under that federal statute, simultaneous possession of a firearm and ammunition is a single offense.[36] Because, under that federal statute, "the allowable unit of prosecution. . . is the incident of possession."[37] Hence, under that federal statute, charging of and sentencing for multiple counts requires an additional showing, *i.e.*, that the prohibited items were "acquired at different times or stored in separate places."[38]

(16)  This relates how the federal judiciary interprets a particular federal statute. It provides no basis from which this Court could construct a state constitutional protection from the Delaware Double Jeopardy Clause to operate more expansively than its federal equivalent.[39]

---

[35]  *United States v. Marino*, 682 F.2d 449, 454 n.5 (3d Cir. 1982) (quoting *United States v. Kinsley*, 518 F.2d 665, 667 (8th Cir. 1975)).

[36]  *United States v. Tann*, 577 F.3d 533, 537 (3d Cir. 2009).

[37]  *Id.* at 537.

[38]  *United States v. Keen*, 104 F.3d 1111, 1118 n.11 (9th Cir. 1996).

[39]  *See, e.g., Jones v. State*, 2016 WL 2929109, at *2 (Del. May 16, 2016) (because the troubling language at issue in the federal armed-career-criminal statute did not appear in Delaware's habitual offender statute the federal courts' holdings that a provision of the federal statute was unconstitutionally vague did not apply under Delaware law); *Priest v. State*, 2015 WL 7424860, at *1 (Del. Nov. 20, 2015) (rejecting defendant's reliance on federal court decision to argue that

(17)   For this reason, the Court is compelled to **GRANT** the State's Motion

and consider PFBPP and PABPP as separate offenses for sentencing purposes.

**IT IS SO ORDERED.**

/s/ *Paul R. Wallace*

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:  William L. Raisis, Deputy Attorney General
     John S. Edinger, Jr., Esquire

---

his sentence was illegal because he was sentenced under Delaware state statute, not the invalidated clause of the federal Armed Career Criminal Act).