**Michael NEAL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 681, 2009.

Supreme Court of Delaware.

Submitted: May 12, 2010.
Decided: June 7, 2010.

Christopher D. Tease, Wilmington, Delaware for appellant.

Susan Dwyer Riley, Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

STEELE, Chief Justice:

Michael Neal and three men robbed Navin Patel's and Soo Kim's businesses with those owners present. Neal moved for a judgment of acquittal of robbery, with respect to Patel and Kim, on the basis that Patel and Kim were not robbed. Because the robbers intimidated those owners dur-

ing the theft, by instructing Patel to get down, and displaying a firearm to Kim, we conclude that the trial judge correctly denied Neal's motion and AFFIRM the judgment of conviction.

## FACTUAL AND PROCEDURAL HISTORY

On December 31, 2008, Neal, Robert Brown, Kevin Berry, and Kadeem Reams set out on a robbery spree. The four men drove to three Wilmington businesses, where Neal, Berry, and Reams got out of the car, put on gloves, pulled hoods over their faces, entered the shop, displayed a firearm, and robbed the businesses and customers.

At the first business, Cutrona Liquors, the robbers entered the store, displayed a firearm, and instructed co-owner Patel to face the wall. While one member of the gang guarded the door, another emptied cash and receipts from a box, and the third removed vodka from a display. Patel remained against the wall for the entire robbery.

At the second business, Dun–Rite Dry Cleaners, the robbers waited for a customer to leave the store, and then approached the counter. One of the co-owners, Kim, saw the men advancing with a firearm, screamed, and ran to the back of the store where she called the police. Her husband and another employee remained in the front of the store, where they opened the cash register for the robbers.

At the third business, Creative Images Barber Shop, the robbers demanded money, wallets, and cell phones from the barber, five male customers, and two boys. One of the robbers held the barber at gunpoint throughout the robbery, while another robber struck two of the customers with his gun.

Wilmington Police arrested the four men and found the spoils of their felonious escapade later that day. After the State presented its case to the jury in Superior Court, Neal moved for a judgment of acquittal on the charges arising from the robberies of Patel and Kim. The trial judge denied the motion, trial resumed and the jury found Neal guilty of nine counts each of First Degree Robbery, Possession of a Firearm During the Commission of a Felony, Wearing a Disguise During the Commission of a Felony, and Second Degree Conspiracy. The trial judge sentenced Neal to the minimum mandatory, 54 years incarceration, followed by community supervision. Neal appeals the trial judge's denial of his motion for a judgment of acquittal on the counts related to Patel and Kim.

## STANDARD OF REVIEW

We review claims of insufficient evidence *de novo*, to determine whether a rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt.[1] We review questions of law *de novo*.[2]

## ANALYSIS

Neal asserts that he committed seven—not nine—counts of Robbery, PFDCF, WDCF, and Conspiracy. He disputes neither the facts, nor seven counts of his seven convictions, but rather whether Patel and Kim were victims.

An individual commits First Degree Robbery by using or threatening force against another person, while committing theft, with the intent to prevent resistance to the thief's taking the proper-

1. *Seward v. State*, 723 A.2d 365, 369 (Del. 1999).

2. *Del. Bay Surgical Servs. v. Swier*, 900 A.2d 646, 652 (Del.2006).

ty.[3] Neal and his band of thieves armed themselves and displayed a gun to prevent the respective co-owners, Patel and Kim, from resisting their demands. Sections 831 and 832 contemplate this method of preventative shock-and-awe robbery within the First Degree Robbery statute. Because Patel and Kim had custodial and ownership interests in their respective businesses, Delaware law includes them as victims of Neal's robbery.

In *State v. Bridgers,* we affirmed the trial judge's opinion that a bank employee's "custodial interest in the bank's money" could create a causal connection between the threats and the theft.[4] We stated that Delaware law does not "tolerate a disconnect between the theft and the force or intimidation" used in a robbery.[5] In *Bridgers,* the thieves held several employees at gunpoint in the bathroom, while another employee opened a cash repository. We held that the thieves had committed robbery against all of the employees— not just the one who retrieved the cash.

Just as in *Bridgers,* Neal and his gang intimidated Patel and Kim before directly robbing their co-workers.[6] Neither these owners, nor their co-owners could do anything but hand over their business's cash and property. A rational trier of fact could determine that the robbers also victimized these two co-owners—particularly when viewing the facts in the light most favorable to the State.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgments of conviction.

---

**3.** 11 *Del. C.* § 832. Robbery in the first degree. (a) A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person or another participant in the crime: (1) Causes physical injury to any person who is not a participant in the crime; or (2) Displays what appears to be a deadly weapon or represents by word or conduct that the person is in possession or control of a deadly weapon; or (3) Is armed with and uses or threatens the use of a dangerous instrument; or (4) Commits said crime against a person who is 62 years of age or older. Robbery in the first degree is a class B felony.

11 *Del. C.* § 831. Robbery in the second degree. (a) A person is guilty of robbery in the second degree when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to: (1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft. Robbery in the second degree is a class E felony. (b) In addition to its ordinary meaning, the phrase "in the course of committing theft" includes any act which occurs in an attempt to commit theft or in immediate flight after the attempt or commission of the theft.

**4.** 2009 WL 824536 (Del. Mar. 30, 2009) *affirming State v. Bridgers,* 988 A.2d 939, 944 (Del.Super.2007).

**5.** *Bridgers,* 988 A.2d at 943.

**6.** *Id.* at 944.