Pablo **DAMIANI–MELENDEZ,**
Defendant Below,
Appellant,

v.

**STATE of Delaware, Plaintiff
Below, Appellee.**

No. 164, 2012.

Supreme Court of Delaware.

Submitted: Sept. 19, 2012.

Decided: Oct. 26, 2012.

**358**

Nicole M. Walker, Esquire and Bradley V. Manning, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Esquire and Paul R. Wallace, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice:

The defendant-appellant, Pablo Melendez ("Melendez"),[1] appeals from his convictions after a Superior Court jury trial stemming from numerous actual and attempted robberies. Melendez was convicted of: eighteen counts of Robbery in the First Degree, thirty-three counts of Possession of a Firearm During the Commission of a Felony, eleven counts of Wearing a Disguise, six counts of Conspiracy in the Second Degree, six counts of Aggravated Menacing, eight counts of Attempted Robbery in the First Degree, and one count of Reckless Endangering in the First Degree.

In this appeal, Melendez claims that the trial judge erred by admitting "improper witness bolstering and needlessly cumulative evidence when, despite their lack of personal knowledge, [two] police [officers] were allowed to provide their own interpretations and opinions of what happened during the [crimes]."[2] We have concluded that Melendez waived his claim by failing to raise it at trial. Therefore, the judgments of the Superior Court must be affirmed.

### Facts

Over a three-month period during the fall of 2010, Melendez and his alleged co-conspirators either robbed or attempted to rob various retail stores in New Castle County.[3] This string of robberies shared several similarities, *e.g.,* the robbers all wore masks, gloves, and black clothing, and Melendez typically carried a shotgun. In December 2010, the State Police observed Melendez entering and leaving a liquor store during a robbery of that store. The State Police then arrested Melendez and charged him with various felonies aris-

---

1. The appellant also uses the name "Pablo Damiani–Melendez." The State's brief refers to the appellant as "Melendez." The appellant's brief refers to the Appellant as "Damiani." The two names, "Melendez" and "Damiani," in fact refer to the same person.

2. Melendez also raises other claims, such as a *"pro se* issue, ineffective assistance of counsel, Illegal detention, [and] Illegal arrest," in a letter that he sent to his attorney and filed

with this Court. To the extent that Melendez has not raised these claims in his brief, they are waived. *See Morgan v. State,* 962 A.2d 248, 250 n. 1 (Del.2008) (noting that claims not briefed on appeal are waived).

3. Melendez's alleged co-conspirators were not tried with Melendez at trial, and are thus not parties in this appeal.

ing from the three-month string of twelve robberies and two attempted robberies.

During Melendez's September 2011 jury trial, the State presented the testimony of Chief Investigating Officer Daniel Grassi and Officer Gary Potts, who testified about all fourteen crimes.[4] The officers based their testimony on videotapes and photographs of the robberies. These videotapes and photographs, however, were not played for the jury for all nine crimes at issue here.[5] Victims of the nine crimes also testified to similar facts.[6]

Before the State called Officer Grassi as its first witness, Melendez's counsel made the following statement for the record:

[Defense Counsel]: Your Honor, briefly, while the jury's out, we should probably put on the record—the prosecutor and I discussed this. It is a little unusual.

I have no objection to [the State] kind of allowing the CIO [Grassi] to give this overview of the case because, obviously, some of the things he's saying are hearsay. And in putting evidence in, my understanding is that the State, as the case progresses, is going to call all the actual witnesses who are going to testify to what he's testifying to today. So, that's why I don't have any objection to doing it in this manner.

THE COURT: Okay.

[Defense Counsel]: With that understanding, obviously.

[Prosecutrix for the State]: Yes, that was discussed between counsel, just to

try to help the jury to have—I don't know if it's more confusing or—it's in hopes of being helpful to the jury to sort of summarize.

THE COURT: That's fine.

The record does not show that Melendez ever objected to the officers' testimony during the remainder of the trial. Multiple victims testified, and the State introduced numerous exhibits of physical evidence linking Melendez to the crimes.

### No Trial Objection

■ On appeal, Melendez now claims for the first time that Officers Grassi and Potts not only testified to "summar[ies]" of the fourteen crimes during the trial, but also provided their own impermissible "interpretations and opinions" with respect to nine of the fourteen crimes. Melendez argues that the officers' testimony improperly bolstered the videotapes, photographs, and victims' testimony, thereby rendering the entire trial so "fundamentally unfair" that this Court must reverse all of his convictions.[7]

■ A "[f]ailure to make an objection at trial constitutes a waiver of [a] defendant's right to raise that issue on appeal, unless the error is plain."[8] Plain error occurs when the error is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial pro-

---

4. Although the officers testified about all fourteen crimes, Melendez claims that the officers gave their own allegedly improper "interpretations and opinions" with respect to only nine of the fourteen crimes.

5. Specifically, Officer Potts testified about reviewing the videotape for only one of the fourteen crimes. The record does not show that the videotape was ever shown to the jury.

6. Although Melendez originally claims that victims only testified in eight crimes, he later concedes that a victim testified about the ninth crime as well.

7. *Wainwright v. State*, 504 A.2d 1096 (Del. 1986).

8. *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986) (citation omitted); *see* Supr. Ct. R. 8.

cess."[9] On plain error review, this Court may consider the claimed error even though the defendant failed to raise the issue in the court below.[10]

It is undisputed that Melendez did not raise the issue of the admissibility of the officers' testimony in the Superior Court. Melendez argues that he "agreed only to the hearsay and narrative provided by Detective Grassi," but "did not affirmatively waive any arguments with respect to the improper admission into evidence of Grassi's personal opinions, speculation and bolstering." Melendez concedes elsewhere in his brief, however, that the "error [was] not challenged below." Thus, Melendez's claim regarding both Officer Grassi's and Potts' testimony is waived absent plain error.

### No Plain Error

■ Neither officer's testimony constituted plain error for several reasons. First, as Chief Investigating Officer, Grassi did not provide cumulative testimony. Rather, he was uniquely qualified to highlight similar facts that linked the fourteen crimes together. For example, Officer Grassi testified that one of the suspects usually wore gray gloves during the robberies, and that the suspect holding the shotgun frequently wore red gloves. Moreover, Melendez conceded at trial that he had no objection to Officer Grassi providing an "overview" of the case, so long as victims would later testify and corroborate Officer Grassi's statements. Melendez cannot now claim that Officer Grassi's testimony is duplicative, when Melendez expressly stated the opposite—that he had no objection to Officer Grassi's allegedly duplicative testimony—at trial.

■ Melendez did not make a similar concession at trial with regard to Officer Potts' testimony. Officer Potts' testimony was based on a videotape that was not admitted into evidence at trial. However, a victim later testified to the same facts. In addition, Officer Potts' brief testimony concerned only one of the fourteen crimes. Therefore, even if the videotape on which Officer Potts' testimony was based should have been admitted into evidence, the admission of Officer Potts' testimony was not "clearly prejudicial" to Melendez's rights.

Finally, the record reflects that the State's evidence against Melendez was overwhelming and not merely circumstantial. The testimony of numerous victims, plus the physical evidence in Melendez's possession that linked Melendez to the crimes were sufficient for the jury to determine Melendez's guilt.

### Conclusion

The judgments of the Superior Court are affirmed.

---

9. *Wainwright v. State,* 504 A.2d at 1100.

