# THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) I.D. No. 1012004307A
)
PABLO D. MELENDEZ, )
Defendant. )

Date Submitted:  August 23, 2023
Date Decided: November 30, 2023

## *Upon Defendant's Motion to Correct an Illegal Sentence*

This 30th day of November, 2023, upon consideration of Defendant Pablo Damiani-Melendez's Motion for Correction of Illegal Sentence[1], the State's Response in Opposition and the record in this matter, it appears to the Court that:

1. On October 7, 2011, Defendant Pablo Damiani-Melendez ("Defendant") was convicted of eighteen counts of Robbery in the First Degree, thirty-three counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), eleven counts of Wearing a Disguise, six counts of Conspiracy in the Second Degree, six counts of Aggravated Menacing, eight counts of Attempted Robbery in the First Degree, and one count of Reckless Endangering in the First

---

[1] D.I. 182.

Degree following a nine-day jury trial.[2]  Defendant was thereafter sentenced to a total 297 years in prison at Level V.[3]

2.  Defendant filed a direct appeal, at the conclusion of which, the Delaware Supreme Court affirmed his convictions.[4]  Defendant then filed a motion for postconviction relief, which was denied by this Court; that denial was later affirmed by the Supreme Court.[5]  Following those decisions, Defendant petitioned the District Court of Delaware for a writ of Habeas Corpus, which was also denied.[6]

3.  Melendez now seeks relief under Super. Ct. Crim. R. 35(a) claiming his sentence is illegal as violative of: 1) the multiplicity doctrine, 2) cumulative sentencing as it violates the prohibition against double jeopardy protections of both the United States and Delaware Constitutions, 3) "Single Theft Rule," and 4) that it is contrary to the legislative intent of 11 *Del. C.* Sections: 206, 512, 531, 602, 832, 1447, 4205, 4201, 4204, and 6581.[7]  In particular, Melendez contends that when the General Assembly drafted 11 *Del. C.* § 206 its intent was to "allow a person to only be convicted of one offense;"[8] and the legislative intent under 11 *Del. C.* § 4205 was

---

[2] D.I. 62.
[3] Sentencing Order.
[4] *Damiani-Melendez v. State*, 55 A.3d 357 (Del. 2012).
[5] *State v. Damiani-Melendez,* 2015 WL 9015051 (Del. Super. 2015); *Damiani-Melendez v. State*, 2016 WL 2928891 (Del. 2016).
[6] *See Damiani-Melendez v. Metzger*, 2020 WL 636196 (D. Del. Feb. 11, 2020).
[7] D.I. 182 at 3-4.
[8] *Id*. at 7.

to establish maximum prison terms for each class of felony.[9] Melendez further cites to a slew of case law to suggest his sentence was "multiplicitous [sic] and cumulative" in violation of his constitutional rights. Melendez additionally cites to various Federal Rules of Criminal Procedure in support of his motion.[10]

4.      The State responded in opposition, arguing that Melendez's sentence was legal, as each sentence was based upon a separate and distinct crime, thus not violative of double jeopardy or its related constitutional protections. It argues that Delaware decisional law has addressed and confirmed the constitutionality of separate sentences for a Robbery First Degree conviction and the companion charge of Possession of a Firearm During the Commission of a Felony. The State additionally points out that while Melendez's motion is lengthy, it simply recites case law pertaining to property crimes and does not show a relationship to how that case law is binding on the violent crimes to which he was convicted and sentenced.[11]

5.      Under Rule 35(a), the Court may correct an illegal sentence at any time.[12] A sentence is illegal if it exceeds the statutorily authorized limits, violates the Double Jeopardy Clause, "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be

---

[9] *Id.*
[10] *Id.*
[11] D.I. 185.
[12] Super. Ct. Crim. R. 35(a).

imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[13]

6. Title 11 *Del. C.* § 206(a) establishes that prosecution for more than one offense can occur out of the same course of conduct when "the same conduct of a defendant may establish the commission of more than 1 offense."[14] The federal Double Jeopardy Clause protects against 1) a second prosecution for the same offense; 2) a second prosecution for the same offense after conviction; and 3) against multiple punishments for the same offense.[15] Melendez's motion, however, focuses on the multiplicity issue. Delaware Courts define multiplicity as "the charging of a single offense in more than one count of an indictment."[16] Dividing one offense into multiple counts would violate the federal and state Double Jeopardy Clause.[17]

7. Because this claim was brought under the Delaware and United States Constitutions, the Court must "apply a logical, deductive analytical process" to determine if the Delaware Constitution affords any protection beyond the United States Constitution.[18] The federal and state Double Jeopardy Clauses are virtually

---

[13] *Brittingham v. State*, 705 A.2d 577 (Del. 1998).
[14] 11 *Del. C.* § 206 (b), see also *Poteat v. State*, 840 A.2d 599, 604 (Del. 2003) (holding that the legislative intended for Aggravated Menacing to be a lesser-included offense of First-Degree Robbery so convictions for those separate crimes with the same act and intention must be merged).
[15] *North Carolina v Pearce*, 395 U.S. 711, 717 (1969) (citations omitted).
[16] *Washington v. State*, 836 A.2d 485 (Del. 2003).
[17] *Id*.
[18] *Jones v. State*, 745 A.2d 292 (Del. 1999).

identical so "examination of the Delaware Constitution must necessarily be the final step."[19]

8.    Following such a review, Melendez's multiplicity argument fails. Melendez's argument that his multiple robberies should lead to only one charge is contrary to the law. Melendez engaged in separate acts and formed a separate intent for each of his crimes. His actions were not a part of single, continuous course of conduct but of separate and distinct crimes. Therefore, the principles of multiplicity and double jeopardy are not implicated.[20]

9.    Similarly, Melendez's merger argument on the PFDCF conviction fails. The imposition of consecutive sentences for convictions of Robbery in the First Degree and PFDCF are permissible, even when both charges relate to the same criminal conduct.[21]

10.    The State was correct in its assertion that while Melendez filed a lengthy motion, the majority simply recited case law without applying the case law

---

[19] *State v. Ryle*, 2021 WL 2272851 (Del. Super. June 2, 2021) (citing *Tarr v, State*, 486 A.2d 672, 673 (Del. 1984)), *aff'd*, 271 A.3d 1142 (Del. 2022).
[20] *See Washington*, 836 A.2d at 485 (finding that the defendant's convictions for two counts of first-degree robbery and two counts of possession of a firearm during the commission of a felony passed constitutional muster because the acts were sufficiently separated in location and time and thus required defendant to have formed distinct intents for each offense.).
[21] *Le Compte v. State*, 516 A.2d 898 (Del. 1986).

to the claims alleged and the legal principles he claims were violated. Nonetheless, all cases and claims were considered in this Order.

11. Melendez was convicted based upon evidence that he committed a spree of robberies from September 2010 until he was caught on December 7, 2010. In each crime, evidence was presented to establish that Melendez's victims were either forced to give up property or threatened with a firearm to prevent the victim from interfering with the robbery. The sentences Melendez received for each of the crimes of which he was convicted were for separate and distinct crimes that do not run afoul of either the legislative intent of the cited statutes or the protection against double jeopardy in either the State of Federal Constitution. His sentences were not cumulative nor multiplicative.

**THEREFORE**, Pablo Damiani-Melendez's Motion to Correct Illegal Sentence under Rule 35(a) is **DENIED.**

**IT IS SO ORDERED**.

_____
Danielle J. Brennan, Judge

Cc:    Cari Chapman, Esquire, Deputy Attorney General
       Pablo Melendez (SBI: 00410155), *Pro Se*
       Original to Criminal Prothonotary