IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY YELARDY, | § | |
| | § | No. 185, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0303008652 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 18, 2024
Decided: May 2, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) Stanley Yelardy filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence and denial of reconsideration. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Yelardy's opening brief that his appeal is without merit. For the reasons stated below, we affirm.

(2) A Superior Court jury found Yelardy guilty of four counts of first-degree robbery, four counts of possession of a firearm during commission of a felony

("PFDCF"), and other charges arising from a 2003 bank robbery.[1] During the robbery, Yelardy demanded money and brandished a gun at four bank tellers, two of whom relinquished some of the bank's money. Yelardy received a cumulative habitual-offender sentence of one hundred sixty years of imprisonment—twenty years for each of the robbery and PFDCF offenses.

(3) In 2023, Yelardy filed a motion for correction of sentence under Superior Court Rule of Criminal Procedure 35(a). The Superior Court denied the motion[2] and Yelardy's motion for reconsideration of the denial, and Yelardy has appealed to this Court. He argues that his sentences violate the Double Jeopardy Clause because the convictions for four robbery counts and four PFDCF counts arose from a single incident and only two of the tellers relinquished money. More specifically, he argues that the "single theft rule"[3] precludes his convictions and sentencing for four robbery counts arising from a single bank robbery. Yelardy also argues that the PFDCF offenses must merge with the robbery offenses.

---

[1] *Yelardy v. State*, 2008 WL 450215 (Del. Feb. 20, 2008).
[2] *State v. Yelardy*, 2023 WL 3035240 (Del. Apr. 21, 2023).
[3] *See Parker v. State*, 201 A.3d 1181, 1189 (Del. 2019 (explaining that "[i]n the theft context, . . . where property belonging to different owners is taken at the same time and place as a single or continuous act or transaction, that taking constitutes a single criminal offense" under the multiplicity doctrine (internal quotation omitted)); *see also id.* (stating that the single theft rule "applies with equal force when the items are stolen from the same owner").

(4) Yelardy's claims involve questions of law. We have reviewed the claims *de novo*[4] and determined them to be without merit. As an initial matter, it is well settled that a defendant may be sentenced for both first-degree robbery and PFDCF charges arising from the same set of facts.[5] This Court has also held that "a defendant may be separately charged and punished for multiple counts of robbery occurring during a single episode of robbery when there are multiple victims involved."[6] That rule has been applied when the defendant was convicted of separate counts of robbery as to separate employees, each of whom relinquished property belonging to their employer.[7] To the extent that Yelardy argues, under decisions

---

[4] *See Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) ("We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.").

[5] *E.g.*, *Grier v. State*, 2015 WL 176180, at *1 (Del. Jan. 13, 2015); *Powell v. State*, 2009 WL 3367068, at *4 (Del. Oct. 20, 2009); *see also LeCompte v. State*, 516 A.2d 898, 898-99 (Del. 1986) (holding that defendant's convictions and consecutive sentences for first-degree robbery and PFDCF, arising from incident in which the defendant held a knife to a restaurant employee's throat and took money from the restaurant's cash drawer, did not violate the Double Jeopardy Clause).

[6] *Elder v. State*, 1996 WL 145812, at *2 (Del. Mar. 8, 1996). *See also Neal v. State*, 3 A.3d 222, 224 (Del. 2010) (affirming defendant's convictions for robbery counts relating to store owners where defendant intimidated the store owners before directly taking the stores' money from other employees).

[7] *See, e.g.*, *Hamilton v. State*, 2008 WL 4597395, at *2 (Del. Oct. 16, 2008) ("[T]here were two victims here—[(two employees of the bank that was robbed)]. Both were threatened and both participated in providing money to Hamilton. Thus, Hamilton was properly charged with two robberies and the trial court correctly denied his motion to merge those charges."); *Meades v. State*, 2002 WL 851962, at *1 (Del. May 2, 2002) (observing that this Court and the federal district court had previously rejected defendant's argument that his three separate sentences for first-degree robbery, relating to three bank tellers who relinquished the bank's money, should be merged into one sentence based on double-jeopardy principles); *Ross v. State*, 1989 WL 27744, at *1-2 (Del. Feb. 23, 1989) (rejecting appellant's argument that he could not be convicted for more than one robbery count arising from one incident because the money taken from employees of the Holiday Inn belonged to the Holiday Inn, and stating that Delaware "law permits an offender be convicted

3

such as *State v. Bridgers*,[8] that he could not be convicted of the robbery charges that related to two tellers who did not physically relinquish any bank property, that argument does not raise a Double Jeopardy issue. Rather, it concerns whether the evidence was sufficient to prove, or whether the jury was appropriately instructed with respect to, each element of first-degree robbery as to each victim.[9] Thus, it does not provide a basis for relief under Rule 35(a).[10]

and sentenced separately as to each victim of a robbery" and "there was no double jeopardy violation").

[8] 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd*, 2009 WL 824536 (Del. Mar. 30, 2009); *see also State v. Owens*, 2010 WL 2892701, at *9-10 (Del. Super. Ct. July 16, 2010) (granting motion for judgment of acquittal on conviction for first-degree robbery as to bank employee from whom no property was taken but who was ordered under her desk by an armed assailant while another robber took money from the teller drawers).

[9] *See Bridgers*, 988 A.2d at 944-45 (holding that defendants were entitled to a new trial on robbery charges relating to bank employees who were threatened while other employees were forced to hand over the bank's money, and stating that "[i]n theory, a jury could find that neutralizing employees during a bank robbery by threatening them is causally related to the theft," but that the jury instructions were not sufficiently precise to uphold the convictions); *Owens*, 2010 WL 2892701, at *10 (granting motion for judgment of acquittal on robbery conviction, where State conceded that defendant could not be convicted of robbery as to bank employee from whom no property was taken).

[10] *See Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (stating that a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice