IN THE SUPREME COURT OF THE STATE OF DELAWARE

PABLO DAMIANI-MELENDEZ, §
§ No. 481, 2023
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1012004307A (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: March 4, 2024
Decided: May 20, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) Pablo Damiani-Melendez appeals the Superior Court's denial of his motion for correction of illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Damiani-Melendez's opening brief that his appeal is without merit. We agree and affirm.

(2) In December 2010, Damiani-Melendez was arrested and charged with more than one hundred felonies related to twelve armed robberies and two attempted armed robberies of retail stores located in New Castle County over a three-month period in 2010. Following a nine-day jury trial, Damiani-Melendez was found guilty

of eighteen counts of first-degree robbery, eight counts of attempted first-degree robbery, thirty-three counts of possession of a firearm during the commission of a felony, eleven counts of wearing a disguise during the commission of a felony, six counts of aggravated menacing, six counts of second-degree conspiracy, and one count of first-degree reckless endangering. On March 2, 2012, the Superior Court sentenced Damiani-Melendez to an aggregate of 297 years of incarceration. We affirmed Damiani-Melendez's convictions and sentence on appeal.[1]

(3)     In 2015, Damiani-Melendez, with the assistance of counsel, filed a motion for postconviction relief. The Superior Court denied the motion,[2] and we affirmed its denial on appeal.[3]

(4)     In May 2023, Damiani-Melendez filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). In support of his motion, Damiani-Melendez argued that the Double Jeopardy Clause and legislative intent preclude him from being convicted of (and sentenced for) more than one robbery arising out of a single incident. The Superior Court denied the motion,[4] and this appeal followed.

---

[1] *Damiani-Melendez v. State*, 55 A.3d 357 (Del. 2012).

[2] *State v. Damiani-Melendez*, 2015 WL 9015051 (Del. Super. Ct. Nov. 25, 2015).

[3] *Damiani-Melendez v. State*, 2016 WL 2928891 (Del. May 13, 2016).

[4] *State v. Melendez*, 2023 WL 8281151 (Del. Super. Ct. Nov. 30, 2023).

(5)    We review the denial of a motion for correction of illegal sentence for abuse of discretion.[5] To the extent a claim involves a question of law, we review the claim *de novo*.[6] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7]

(6)    On appeal, Damiani-Melendez argues, as he did below, that his sentences violate the Double Jeopardy Clause and run afoul of legislative intent because he received more than one sentence for the robbery of each store. More specifically, Damiani-Melendez argues that the "single-theft rule"[8] precludes his convictions and sentencing for multiple robbery counts arising from the robbery of one store because his actions constituted a continuous course of conduct for which he may only be punished once. Damiani-Melendez also argues that his sentences

---

[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[6] *Id.*

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[8] *See Parker v. State*, 201 A.3d 1181, 1189 (Del. 2019) (explaining that "[i]n the theft context, … where property belonging to different owners is taken at the same time and place as a single or continuous act or transaction, that taking constitutes a single criminal offense" under the multiplicity doctrine).

for aggravated menacing must merge with his sentences for first-degree robbery. We find no merit to Damiani-Melendez's arguments.

(7) "[I]t is well-settled law that a defendant may be separately charged and punished for multiple counts of robbery occurring during a single episode of robbery when there are multiple victims involved."[9] We recently reaffirmed this rule.[10] We note that, contrary to Damiani-Melendez's claim on appeal, robbery is not a property crime. "Robbery is a violent crime against the person of the victim. Therefore, the multiplicity doctrine implications applicable to robbery are more akin to those arising in sexual assault cases than in cases involving property-oriented crimes."[11] Simply put, Damiani-Melendez's convictions and sentences for multiple robbery counts when there were multiple victims involved neither violate the Double Jeopardy Clause nor run afoul of legislative intent.

(8) We review Damiani-Melendez's argument that his aggravated menacing charges should have merged with his robbery charges for plain error

---

[9] *Elder v. State*, 1996 WL 145812, at *2 (Del. Mar. 8, 1996); s*ee Neal v. State*, 3 A.3d 222, 224 (Del. 2010) (affirming a defendant's convictions for robbery counts involving store owners where the defendant intimidated the store owners before taking the store's money from other employees).

[10] *Yelardy v. State*, 2024 WL 1954299 (Del. May 2, 2024) (affirming the Superior Court's denial of a defendant's motion for correction of illegal sentence where the defendant had been convicted of four counts of first-degree robbery stemming from a single bank robbery involving four bank tellers).

[11] *Washington v. State*, 836 A.2d 485, 489 (Del. 2003) (upholding a defendant's two convictions for first-degree robbery that involved the same victim and took place almost contemporaneously because the evidence showed that the defendant had formed separate intents to commit the robberies).

4

because he did not raise it in the Superior Court in the first instance.[12]  There is no plain error here.  It is true that a defendant's convictions for first-degree robbery and aggravated menacing merge when they involve the same victim and take place during the same occurrence.[13]  But not so here, where the conduct that formed the basis for Damiani-Melendez's aggravated menacing charges either involved a different victim or took place during a different occurrence than conduct that formed the basis for his first-degree robbery convictions.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[12] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[13] *Poteat v. State*, 840 A.2d 599, 606 (Del. 2003) (holding that a defendant's convictions for first-degree robbery and aggravated menacing must be merged when they involve the same victim and take place during the same occurrence).